# EXHIBIT A

#48033007_v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                    :
In re:                                              :
                                                    : Chapter 15
BANCREDIT CAYMAN LIMITED (IN LIQUIDATION)           :
                                                    : Case No.  06-11026 (SMB)
                              Debtor,               :
                                                    :
                                                    :
------------------------------------------------------------------------x

### ORDER (1) GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. § 1517; (2) GRANTING RELIEF AS OF RIGHT PURSUANT TO 11 U.S.C. § 1520; (3) GRANTING RELATED RELIEF; AND  (4) SCHEDULING CONTINUED HEARING WITH RESPECT TO CERTAIN RELIEF REQUESTED UNDER 11 U.S.C. § 1521

Upon the Application and Verified Petition filed May 10, 2006 (the "Chapter 15 Petition") seeking recognition and related relief pursuant to Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), of a foreign proceeding pending under cause number 171 of 2004 in the Grand Court of the Cayman Islands (the "Foreign Proceeding"), by Richard Fogerty and G. James Cleaver ("Petitioners"), as Joint Official Liquidators of Bancredit Cayman Limited (in Liquidation) ("Bancredit"); and due and timely notice of the filing of the Chapter 15 Petition and the hearing thereon having been given by Petitioners to the United States Trustee, any creditors in the United States, and to all parties to U.S. litigations in which Bancredit is a party (and their counsel, if known) by U.S. mail, and to the members of the Creditors Committee[1] by hand delivery, and to all other creditors by publication on the official Website at http://www.bancreditcayman-liquidation.ky/, in accord with this Court's Order approving notice provisions, entered May 12, 2006; and the Court having considered the Chapter 15 Petition and the exhibits attached thereto, and the Affidavit of Richard Fogerty and Affidavit of Aristotelis

---

[1]  Capitalized terms not otherwise defined herein have the meaning given in the Chapter 15 Petition.

656117_1

Galatopoulos; and a limited objection having been filed by GFN Corporation, Ltd. and its affiliates; and upon the record of the initial hearing held before this Court on June 15, 2006; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

2.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

3.    This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

4.    The Petitioners are persons pursuant to 11 U.S.C. § 101(41) and are the duly appointed foreign representatives of Bancredit pursuant to 11 U.S.C. § 101(24).

5.    The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509, and 1515.

6.    Petitioners have met the requirements of 11 U.S.C. § 1515(b), §1515(c), and Rule 1007(a)(4) of the Interim Federal Rules of Bankruptcy Procedure.

7.    The Foreign Proceeding pending under cause number 171 of 2004 in the Grand Court of the Cayman Islands, and the provisions made thereunder for the protection, administration and distribution of assets pursuant to the Liquidation Order, is a foreign proceeding pursuant to 11 U.S.C. § 101(23).

8.    The Foreign Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

9.    The Foreign Proceeding is pending in the country where the center of main interests of Bancredit is located and accordingly the Foreign Proceeding is a foreign main

656117_1

proceeding pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

10.    The Petitioners are entitled to the relief provided pursuant to 11 U.S.C. § 1520 and related relief to the extent set forth in this Order.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Foreign Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

ORDERED, that the Foreign Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

ORDERED, that the Petitioners are granted the relief provided pursuant to 11 U.S.C. § 1520; and it is further

ORDERED, that Petitioners are authorized to continue the Remington Lawsuit and the Morales Lawsuit within the United States in furtherance of their activities as JOLs, and it is further

ORDERED, that Petitioners are authorized to operate the business of Bancredit that is the subject of the Foreign Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520; and it is further

ORDERED, that this hearing shall be continued until **June 27, 2006 at 10:00 a.m.,** for consideration of that portion of the Chapter 15 Petition which requests certain relief pursuant to 11 U.S.C. § 1521 and the GFN Objection thereto; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order; and it is further

656117_1

ORDERED, that a copy of this Order, conformed to be true and correct, shall be served:

(a) by United States mail, first class postage prepaid, on or before **June 16, 2006**, upon the Debtor, all administrators in foreign proceedings of the Debtor, the Office of the United States Trustee, any creditors in the United States, and upon all parties to lawsuits currently pending in the United States to which Bancredit is a party (and their counsel, if known); and

(b) by international courier to an agent in the Dominican Republic that will deliver by hand to each of the members of the Committee of Creditors; and

(c) by posting on the official Website: http://www.bancreditcayman-liquidation.ky/ on or before **June 21, 2006**; and it is further

ORDERED, that such service shall be good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
**June 15, 2006**

                                    /s/  **STUART M. BERNSTEIN**
                                    STUART M. BERNSTEIN
                                    CHIEF UNITED STATES BANKRUPTCY JUDGE

**Issued at:   3:45 p.m.**

4

656117_1

**<u>EXHIBIT B</u>**

#48033007_v1

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| ASHAPURA MINECHEM LTD., | ) Case No. 11-14668 (JMP) |
| | ) |
| Debtor in a Foreign Proceeding. | ) |
| | ) |
| | ) |

## BENCH DECISION GRANTING PETITION FOR RECOGNITION OF FOREIGN PROCEEDING[1]

APPEARANCES:

BAKER & McKENZIE
*Attorneys for Foreign Representative Ashapura Minechem Ltd.*
1114 Avenue of the Americas
New York NY 10036
By:    Ira A. Reid (argued)
       Kathryn M. Ryan

EATON & VAN WINKLE LLP
*Attorneys for Respondent Armada (Singapore) Pte Limited*
3 Park Avenue
New York, NY 10016-2078
By:    Robert K. Gross (argued)
       Edward W. Floyd

FREEHILL HOGAN & MAHER, LLP
*Attorneys for Respondent Eitzen Bulk A/S*
80 Pine Street
New York, NY 10005
By:    Michael E. Unger (argued)
       Lawrence J. Kahn

---

[1]    This is a slightly revised version of a bench ruling that was read into the record at a hearing held on November 21, 2011 — one business day following an evidentiary hearing that took place on November 18, 2011. This memorandum decision constitutes findings of fact and conclusions of law with respect to this contested Petition for Recognition. The Court has expedited its ruling on the petition in order to comply with the directive contained in Section 1517 of the Bankruptcy Code which provides that "a petition for recognition of a foreign proceeding shall be decided upon at the earliest possible time." 11 U.S.C. § 1517(c).

JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The chapter 15 petition filed on October 4, 2011 by Chetan Shah ("Mr. Shah") in his capacity as foreign representative seeks recognition as a foreign main proceeding of an insolvency proceeding voluntarily commenced in India on May 31, 2011 by Ashapora Minechem Ltd. ("Ashapura"). Ashapura is a mining and industrial business headquartered in Mumbai, India. It is a public company whose shares are listed on the Bombay Stock Exchange. Mr. Shah is managing director of Ashapura, one of the company's most influential shareholders and an individual who has personally guaranteed obligations owed by Ashapura to its lenders. Mr. Shah has an undisguised personal economic motivation to protect his investment and personal exposure although it is not clear at this early stage of Ashapura's chapter 15 case whether that motivation may also conflict with his responsibilities as foreign representative.

The proceeding in India is pending before the Board for Industrial and Financial Reconstruction (the "BIFR"), an agency authorized to function as an administrative tribunal under the Sick Industrial Companies (Special Provisions) Act, 1985 ("SICA"). There is no dispute that if this Court were to grant the petition for recognition it would be appropriate for Ashapura's proceeding under SICA (the "SICA Proceeding") to be recognized as a foreign main proceeding within the meaning of Section 1502(4) of the Bankruptcy Code. Ashapura is incorporated under the Indian Companies Act, its principal assets are in India, and it has its registered office in Mumbai. *See* 11 U.SC. § 1516(c). That India is the center of main interest for Ashapura is one of the few issues relating to recognition that is not in controversy.

The version of the SICA statute currently applicable to this SICA Proceeding has been repealed, but implementing legislation for a new and improved statute to replace it has not yet

been formally enacted. The unusual procedural posture presented is of a foreign insolvency case that is being administered in its home jurisdiction under the authority of an insolvency regime that appears to have been rejected by the Indian legislature as fundamentally flawed and inadequate but that is still functioning for the time being as a residual and apparently legitimate means, but not the only means, to obtain relief for companies like Ashapura that are in financial distress.

The anomaly here is that the foreign insolvency law applicable to this case is suspect and has been openly criticized as deficient and subject to abuse by thoughtful observers of Indian commercial law. These criticisms have led to repeal of the very same statute that governs Ashapura's SICA Proceeding. This largely discredited law will continue in force until the Indian legislature takes the necessary action to formally enable the new version of SICA to become effective. The reason for the delay in implementing the new law has not been adequately explained and is a curiosity that adds uncertainty to the current proceeding. Despite that uncertainty, there is no doubt that the SICA law in its original form is still being followed in India and, on its face, constitutes a law that relates to insolvency or adjustment of debt within the meaning of Section 101(23).

Mr. Shah's petition has been controverted vigorously by two of Ashapura's largest creditors, Armada (Singapore) Pte Limited ("Armada") and Eitzen Bulk A/S ("Eitzen") (collectively the "Objectors"). The Objectors have questioned Mr. Shah's motives, alleged conflict of interest and lack of good faith and have asserted that SICA does not satisfy the definition of a foreign proceeding in Section 101(23) as "a collective judicial or administrative proceeding...." 11 U.S.C. § 101(23). Armada also argues that the affairs of Ashapura are not subject to control or supervision within the meaning of that section.

3

Armada and Eitzen are shipping companies engaged in the international shipment of cargo. The Objectors are based respectively in Singapore and Denmark. Each has obtained judgments against Ashapora arising out of separate arbitration awards that were entered in their favor against Ashapura in London. The arbitrations sought substantial damages resulting from alleged breaches by Ashapura of certain maritime contracts relating to shipments of bauxite from India to foreign ports. For reasons that have been neither fully developed nor explained on the current record, Ashapora made the decision not to defend these arbitrations on grounds that the contracts should be treated as void under the doctrine of force majeure. Regardless of the merits of that legal position, Ashapura's conscious choice to ignore the arbitrations and not to defend them has proven to be a strategic error of colossal proportions.

The consequences of ignoring the arbitrations have been disastrous. The foreign debtor is exposed to judgments that together total more than $100 million and is involved in an ongoing fight with the Objectors in multiple tribunals, all in an effort to avoid the consequences of its own failure to deal with the arbitrations in a commercially reasonable manner or to engage the Objectors in good faith negotiations to resolve issues arising out of the underlying maritime contracts. Whether this results from arrogance, ignorance or simply a lack of good judgment on the part of Mr. Shah and his advisors is not clear. What does seem clear is that Ashapura unwisely adopted arbitration strategies that have resulted in massive judgments against the company that threaten its viability, and it now finds itself in the midst of a terribly nasty cross border fight for strategic advantage and ultimately for its own corporate survival.

The arbitration awards were converted into judgments against Ashapura in the United States and the Objectors are in the process of doing everything in their power to locate assets and collect on these judgments. For its part, Ashapora is trying hard to escape its obligations under these judgments that it belatedly asserts are substantially overstated in amount due to the failure

4

of the arbitration awards to reflect appropriate reductions based on the alleged obligation to mitigate damages. For purposes of the contested petition for recognition, the Court does not address the ability of Ashapura to now challenge the quantum of these judgments in the SICA Proceeding. Suffice it to say that the Objectors assert that the current chapter 15 case is the latest example of Ashapura's coordinated efforts to frustrate their rights as judgment creditors and is another indication that Mr. Shah and Ashapura are not acting in good faith.

An order recognizing a foreign proceeding shall be entered if the proceeding is a foreign main or nonmain proceeding, the foreign representative is a person or body and the petition meets the requirements of Section 1515 concerning the petition and accompanying documents. The test does not call for the exercise of much discretion by the bankruptcy court. However, the decision to grant recognition is expressly subject to Section 1506, the public policy exception. This section provides that "[n]othing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to the public policy of the United States." 11 U.S.C. § 1506.

Therefore, the questions to be decided are: (1) whether Mr. Shah's petition satisfies the statutory standards for recognition under chapter 15; and (2) whether the Objectors have established that recognition should not be granted on grounds that to do so would be manifestly contrary to the public policy of the United States.

The evidentiary record of the hearing held on November 18, 2011 primarily consists of the testimony of an Indian attorney at law named Mayur Bhatt who traveled to New York to testify on behalf of the foreign debtor and various exhibits offered by the foreign debtor and the Objectors. Mr. Bhatt has experience in handling SICA cases before the BIFR and is counsel for Ashapura in the SICA Proceeding. Mr. Bhatt acknowledged that the SICA statute does not by its literal terms provide a formal mechanism for participation by unsecured creditors, but he did

note that in practice unsecured creditors were given a voice, in the discretion of the BIFR, could receive distributions under an arrangement with creditors and had the ability to appeal adverse determinations made by the BIFR and to have their appeals heard within the Indian judicial system.    Although the appellate process admittedly is time consuming, the availability of appellate review and the ability of creditors to participate before the BIFR demonstrate that systemically SICA functions as a collective process that allows for creditor participation. Furthermore, Ashapora offered exhibit "Debtor 2", a written summary of proceedings held before the BIFR on July 25, 2011.    This exhibit lists the names of creditors, including Eitzen, that attended the hearing held on that date and supports the testimony of Mr. Bhatt concerning the participation of unsecured creditors in SICA cases.    The fact that unsecured creditors are not as involved as they would be in a chapter 11 case in the United States does not mean that the SICA proceeding in India is not a collective administrative proceeding as defined in Section 101(23).

A proceeding is collective in nature pursuant to 11 U.S.C. § 101(23) if it "considers the rights and obligations of all creditors." *In re Betacorp* Ltd., 400 B.R. 266, 281 (Bankr. D. Nev. 2009)*; see also In re Gold & Honey, Ltd.*, 410 B.R. 357, 369 (Bankr. E.D.N.Y. 2009).    Such a collective proceeding "is in contrast, for example, to a receivership remedy instigated at the request, and for the benefit, of a single secured creditor." *Betacorp*, 400 B.R. at 281.    "The word 'collective' contemplates both the consideration and eventual treatment of claims of various types of creditors, as well as the possibility that creditors may take part in the foreign action." *In re British Am. Ins. Co. Ltd.*, 425 B.R. 884, 902 (Bankr. S.D. Fla. 2010).    While notice to creditors, including unsecured creditors, may play a role in the court's analysis of whether a proceeding is collective, in determining whether a particular proceeding is collective, "it is appropriate to consider both the law governing the foreign action and the parameters of the

particular proceeding ...." *Id.* at 902 (finding that a foreign proceeding alleged to be for the sole benefit of a single class of creditors was a collective proceeding, despite no notice to general unsecured creditors of the appointment of the judicial manager or of actions brought before the court, where all policyholders and creditors would receive notice at the winding up phase and the relevant foreign law allowed parties, including creditors, to be heard in the judicial management process); *see also In re ABC Learning Centres Ltd.*, Case No. 10-11711, 2010 Bankr. LEXIS 4091, *20-23 (Bankr. D. Del. Nov. 16, 2010) (finding unpersuasive objection of party that Australian proceeding was not collective in nature because U.S. creditors did not have adequate notice where notice was proper under Australian law, party had actual notice of the second secured creditor's meeting and the ability to seek redress from the Australian court).

The Court's finding that the SICA proceeding is collective in nature is consistent with this case authority and with the position expressed by the United Nations Commission on International Trade Law – UNCITRAL. "The notion of a 'collective' insolvency proceeding is based on the ability of a single insolvency representative to control the realization of assets for the purposes of pro rata distribution among all creditors (subject to domestic statutory priorities), as opposed to a proceeding designed to assist a particular creditor to obtain payment or a process designed for some purpose other than to address the insolvency of the debtor." U.N. Comm'n on Int'l Law, The UNCITRAL Model Law on Cross-Border Insolvency: the judicial perspective [pre-release] (July 2011) at 19, http://www.uncitral.org/pdf/english/texts/insolven/pre-judicial-perspective.pdf.

The Objectors called no witnesses, although they did cross examine Mr. Bhatt and did offer various exhibits into evidence that were downloaded from various internet sites. These documents appear calculated to emphasize the repeal of the SICA statute and highlight various criticisms of the law, but these exhibits failed to show that the process itself was not collective.

More importantly, none of the evidence offered by the Objectors succeeded in proving the key point in dispute – namely that it would be manifestly contrary to the public policy of the United States to recognize the petition. Counsel for Armada acknowledged during his argument that the Objectors had the burden of proof on this issue. The Court finds that they failed to carry their burden. As a result, the public policy exception does not apply as a basis to refuse the grant of an otherwise appropriate petition for recognition.

Chapter 15 promotes predictability and reliability "by establishing a simple, objective eligibility requirement for recognition...." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y. 2008). While "recognition under Section 1517 is not to be rubber stamped by the courts ... the process of recognition of a foreign proceeding is a simple single step process incorporating the definitions in Sections 1502 and 101(23) and (24) to determine recognition as either a main or nonmain proceeding or nonrecognition." *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 126 (Bankr. S.D.N.Y. 2007) (citations omitted).

This Court must make an independent determination as to whether the SICA proceeding meets the definitional requirements of Sections 1502 and 1517 of the Bankruptcy Code, but "the determination is a formulaic one." *Id.*; *see also In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 389 B.R. 325, 333 (S.D.N.Y. 2008) (explaining that recognition "turns on the strict application of objective criteria" (citing 11 U.S.C. § 1517)) (additional citation omitted), *In re Metcalfe & Mansfield Alt. Invs.*, 421 B.R. 685, 697 (Bankr. S.D.N.Y. 2010) (citations omitted) (noting that "recognition of [a] foreign proceeding turns on the objective criteria under §1517 ..."), *In re Atlas Shipping A/S*, 404 B.R. 726, 738 (Bankr. S.D.N.Y. 2009) (citations omitted) (same), *In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37, 45 (Bankr. S.D.N.Y. 2008) (explaining that §1517 "sets forth the requirements for an order

granting recognition, and sets forth a statutory directive that ... when those requirements have been satisfied, a recognition order *shall* be entered").

Here the petition for recognition appears designed to obtain the benefits of the automatic stay that comes into effect upon recognition. *See* 11 U.S.C. 1520(a)(1). The evident purpose is to stay the Objectors from taking any further steps to enforce their judgments in the United States to the potential detriment of Ashapora. This has been an objective of the foreign representative from the outset of the case when he first sought a temporary restraining order against the Objectors. The Court issued a TRO and scheduled a hearing for October 17, 2011 on the request for a preliminary injunction and entered a further Order continuing the hearing to October 24, 2011. The motion for a Preliminary Injunction was denied due to a failure of proof without prejudice to Ashapura's right to seek injunctive relief at some future time. No such motion was ever filed. In the interim and in the absence of any stay (and to the apparent dismay of Eitzen), Armada succeeded in obtaining approximately $687,356 from a garnishee in Illinois. In the case of Armada, the automatic stay is being imposed under Section 1520(a)(1) too late to preserve the status quo at least as to that asset.

As for Eitzen, it continues to pursue remedies against Bank of India as part of its ongoing efforts to collect on its judgment against Ashapora. The automatic stay, upon recognition, will apply to those efforts.

Based on the record of the recognition hearing that took place on November 18, the Court grants the petition but does so with the admonition that periodic status conferences shall be held, approximately once every 60 days, regarding the progress of the SICA Proceeding and without prejudice to the rights of the Objectors or other affected creditors to show that the SICA Proceeding, in actual practice, are prejudicing the rights of the Objectors and of other unsecured creditors similarly situated to the Objectors.

9

The Court reserves the right under Section 1517(d) to grant relief from the automatic stay to the Objectors for cause shown or to take other appropriate action, including modification or termination of recognition, in the interests of justice. The Court also strongly encourages the parties to stop posturing and to start talking to each other in a manner that may lead to a compromise of the Objectors' claims. The Court notes that both sides have a great deal to gain by meeting and conferring, perhaps with a mediator, in an effort to bring these long simmering disputes to a mutually acceptable resolution.

Dated: New York, New York
        November 22, 2011

                                    _s/ James M. Peck_____
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

**EXHIBIT C**

#48033007_v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| TRANEN CAPITAL ALTERNATIVE ) | |
| INVESTMENT FUND LTD. (IN LIQUIDATION) ) | Case No. 15-12620 |
| ) | |
| Debtor in a Foreign Proceeding. ) | |

## ORDER RECOGNIZING FOREIGN MAIN PROCEEDING
## AND GRANTING ADDITIONAL RELIEF

This Court has held a hearing to consider the official form and verified petitions,
filed on September 24, 2015 (together, the "*Petition*") by Hadley J. Chilton and John
J. Greenwood of Baker Tilly (BVI) Limited, in their capacities as Joint Liquidators (together,
the "*Petitioners*") for Tranen Capital Alternative Investment Fund Ltd. (in liquidation) (the
"*Debtor*"), to recognize the winding up and liquidation of the Debtor (the "*BVI Proceeding*")
in the Eastern Caribbean Supreme Court in the High Court of Justice in the British Virgin
Islands (the "*BVI Court*") as a foreign main proceeding under section 1517 of title 11 of the
United States Code (the "*Bankruptcy Code*") and granting certain additional relief under
section 1521 of the Bankruptcy Code; due and proper notice of such hearing have been
provided; and after due deliberation and sufficient cause appearing therefor, this Court makes
the following findings of fact and conclusions of law:

A.    This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This is a core
proceeding under 28 U.S.C. § 157(b)(2)(P).    Venue is proper in this district under 28 U.S.C.
§ 1410.

B.    The Petitioners are "persons," as such term is defined in 11 U.S.C. § 101(41).

C.    The Debtor is eligible to be a debtor under 11 U.S.C. § 109(a).

D.    The Petitioners are the Debtor's "foreign representative," as such term is defined in 11 U.S.C. § 101(24).

E.    This chapter 15 case was properly commenced under 11 U.S.C. §§ 1504 and 1515.

F.    The Petitioners have satisfied the requirements of 11 U.S.C. § 1515 and Fed. R. Bankr. P. 1007(a)(4).

G.    The BVI Proceeding is a "foreign proceeding," as such term is defined in 11 U.S.C. § 101(23).

H.    The BVI Proceeding is entitled to recognition by this Court under 11 U.S.C. § 1517(a).

I.    The BVI Proceeding is pending in the country where the Debtor's center of main interests is located, is a "foreign main proceeding," as such term is defined in 11 U.S.C. § 1502(4), and is entitled to recognition as a "foreign main proceeding" under 11 U.S.C. § 1517(b)(1).

J.    The Petitioners are entitled to all the relief provided pursuant to 11 U.S.C. § 1520, without limitation.

K.    The Petitioners are entitled to all relief expressly set forth in 11 U.S.C. §§ 1521(a)–(b).

L.    The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted under 11 U.S.C. §§ 1517, 1520, and 1521.

Accordingly, it is hereby **ORDERED**:

- 2 -

1.    The BVI Proceeding is granted recognition as a foreign main proceeding under 11 U.S.C. §§ 1517(a) and 1517(b)(l).

2.    All relief afforded a foreign main proceeding under 11 U.S.C. § 1520 is granted.

3.    In accordance with 11 U.S.C. § 1520(a)(1), 11 U.S.C. §§ 361 and 362 apply to the Debtor and its property that is currently within or may be brought into the territorial jurisdiction of the United States.

4.    The Petitioners are authorized to file notices of this case, the applicability of 11 U.S.C. §§ 361 and 362, and any other such notices the Petitioners deem necessary in any of the pending Litigation or any other proceeding.

5.    The Petitioners are authorized to operate the Debtor's business and exercise the powers of a trustee to the extent provided by 11 U.S.C. § 1520(a)(3), including, for the avoidance of doubt, drawing down on the Debtor's United States bank, securities, deposit, and similar accounts and making distributions in the BVI Proceeding.

6.    In accordance with 11 U.S.C. § 1521(a), all persons and entities, other than the Petitioners and their representatives and agents, are hereby enjoined from: (a) commencing or continuing an action or proceeding concerning the Debtor's assets, rights, obligations, or liabilities; (b) executing against any of the Debtor's assets; (c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, setoff, or other claim against the Debtor or its property; (d) transferring, relinquishing, or disposing of any property of the Debtor to any person or entity other than the Petitioners; or (e) declaring or considering the commencement of the BVI Proceeding or the Debtor's chapter 15 case a default under any agreement, contract, or arrangement.

- 3 -

7.     In accordance with section 1521(a)(4) and the Federal Rules of Bankruptcy Procedure (the "*F.R.B.P.*"), the Petitioners are authorized to conduct the examination of witnesses (including any and all parties or person subject to examination under F.R.B.P. 2004), the taking of evidence, or the delivery of information concerning the Debtor's assets, affairs, rights, obligations, or liabilities.

8.     In accordance with 11 U.S.C. §§ 1521(a)(5) and (b), the administration, realization, and distribution of the Debtor's assets located within the territorial jurisdiction of the United States are entrusted to the Petitioners, and the Petitioners are hereby established as the exclusive representatives of the Debtor in the United States.

9.     No action taken by the Petitioners, the Debtor, or their representatives in connection with this chapter 15 case or any adversary proceeding filed by or against the them shall be deemed to constitute a waiver of the rights or benefits afforded such persons under 11 U.S.C. §§ 306 and 1510.

10.     A copy of this order shall be served, within five business days of entry of this order, by fax, e-mail, regular mail, or overnight courier upon all of the Debtor's known creditors and investors, the Office of the United States Trustee, and such other entities as the Court may direct.  Service in accordance with this Order shall constitute adequate and sufficient notice of the terms hereof.

- 4 -

11.     This Court shall retain jurisdiction with respect to the enforcement or interpretation of this Order and any request by any person or entity for relief from the provisions hereof.

Dated: October 29, 2015
      New York, New York

                    */s/ Sean H. Lane*
                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT D**

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re:

LAWNDALE GROUP S.A.,

              Debtor in a
              Foreign Proceeding.

------------------------------------------------------------x

:    Chapter 15

:    Case No. 15-11352 (SCC)

### ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO 11 U.S.C. §§ 105(a), 1504, 1507, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

1.     A hearing having been held before the United States Bankruptcy Court of the Southern District of New York on July 6, 2015 (the "**Hearing**"), to consider the Verified Petition and Official Form Petition (collectively, with all exhibits thereto, the "**Petition**") of John David Ayres, the duly appointed liquidator and foreign representative ("**Petitioner**" or "**Liquidator**") of Lawndale Group S.A. ("**Lawndale**" or the "**Foreign Debtor**"), a company undergoing liquidation before the Commercial Division of the High Court of Justice, British Virgin Islands (the "**BVI Court**"), claim number 2013/0165 (the "**BVI Liquidation**"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the "**2003 Act**"), for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**"): (i) recognizing the BVI Liquidation of Lawndale as a foreign main proceeding, or in the alternative, a foreign non-main proceeding, pursuant to chapter 15 of the Bankruptcy Code, and the Petitioner as Lawndale's foreign representative under sections 1509 and 1517 of the Bankruptcy Code; (ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) granting other and additional relief pursuant to Sections 1507 and 1521(a)

and (b) of the Bankruptcy Code, including authorizing Petitioner to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights, obligations or liabilities of Lawndale; and (iv) granting authority to assert claims against parties that are subject to jurisdiction in the United States, including but not limited to claims predicated upon schemes to commit fraudulent conveyances, alter ego, or veil-piercing claims; and upon the Court's review and consideration of the Petition, and the accompanying Declarations of John Ayres, executed on May 19, 2015 (the **"Ayres Declaration"**), the Declaration of Robert Christie, executed on May 18, 2015 (the **"Christie Declaration"**), and the Declaration of Michael J. Frevola, executed on May 21, 2015 (the **"Frevola Declaration"**), together with all exhibits thereto, in support of the Petition, and the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the hearing thereon having been given by the Petitioner, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.     Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410 (3) because Lawndale has property in the United States and within this judicial district.

C.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.     Petitioner is the "foreign representative" of Lawndale pursuant to 11 U.S.C. § 101(24).

2

E.      This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509, and 1515.

F.      Petitioner has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.      The BVI Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(23).

H.      The BVI Liquidation is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.      The BVI Liquidation is pending in the British Virgin Islands, the country where Lawndale's center of main interests is located, and accordingly the BVI Liquidation is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.      The Liquidator is entitled to all the relief provided pursuant to 11 U.S.C. 1520, without limitation.

K.      The Liquidator is entitled to all the relief pursuant to 11 U.S.C. §1521 ordered by this Court.

L.      The Liquidator is entitled to relief pursuant to 11 U.S.C. §§ 1507 and 1521, as ordered by this Court.

M.      The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.


**NOW, THEREFORE, IT IS HEREBY**

3

1.   **ORDERED**, that the BVI Liquidation is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

2.   **ORDERED**, that the BVI Liquidation is hereby recognized as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

3.   **ORDERED**, that all persons and entities (other than Petitioner or his expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

> (1)   executing against Lawndale's property or assets within the territorial jurisdiction of the United States;

> (2)   taking or continuing any act to obtain possession of, or exercise control over, Petitioner (with respect to Lawndale), Lawndale or any of its property or assets within the territorial jurisdiction of the United;

> (3)   taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against Petitioner (with respect to Lawndale), Lawndale or any of its property or assets within the territorial jurisdiction of the United States as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to Lawndale or any of its property or assets;

> (4)   transferring, relinquishing or disposing of any property of Lawndale to any person or entity other than Petitioner;

and it is further

4.   **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the BVI Liquidation; and it is further

5.   **ORDERED** that Petitioner or any third person acting pursuant to Petitioner's instructions or agreement may transfer funds or property belonging to Lawndale into or out of the United States in accordance with their respective obligations to Lawndale or under the BVI Liquidation; and it is further

4

6.    **ORDERED**, that Petitioner is authorized to operate the business of Lawndale that is the subject of BVI Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521; and it is further

7.    **ORDERED**, that Petitioner is hereby authorized to examine witnesses, take evidence, and seek the production of documents concerning the assets, affairs, rights, obligations or liabilities of Lawndale by:

    a.  issuing discovery requests regarding the affairs of Lawndale, the United States Counterparties (as defined in the Petition), and the Related Persons and Entities (as defined in the Petition), as all such information is required in the BVI Liquidation;

    b.  issuing discovery requests to intermediary or correspondent banks located in the Southern District of New York that process United States Dollar wire transfers and maintain records of such transfers to ascertain the location and movement of Lawndale's assets prior to and immediately after the commencement of the BVI Liquidation;

    c.  Upon written request served by the Foreign Debtor, through its counsel Holland & Knight LLP, obtaining turnover of any and all documents, records, filings, or other information belonging to Lawndale, however stored, including but not limited to emails, from any person or entity subject to this Court's jurisdiction, including but not limited to Lawndale's former legal advisors and Lawndale's related entities; and

    d.  Upon written request served by the Foreign Debtor, through its counsel Holland & Knight LLP, enjoining all persons and entities subject to the jurisdiction of this

Court from destroying, secreting, altering, deleting or otherwise disposing of any documents, records, filings, or other information, however stored, concerning or relating to the affairs of Lawndale; and it is further

8. **ORDERED**, that Lawndale is granted authority to assert claims against parties that are subject to jurisdiction in the United States, including but not limited to claims predicated upon fraudulent conveyance or veil-piercing.

9. **ORDERED**, that the administration or realization of all or part of the assets of Lawndale within the territorial jurisdiction of the United States is hereby entrusted to Petitioner and Petitioner is hereby established as the exclusive representative of Lawndale in the United States; and it is further

10. **ORDERED**, that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

11. **ORDERED**, that a copy of this Order shall be served by United States mail, first-class postage prepaid, by overnight courier, by electronic mail, or by hand delivery where practicable, upon all known creditors and all other parties against whom relief is sought (or their counsel or registered agent for service of process), including any such parties (or counsel) that have addresses outside the United States; and it is further

12. **ORDERED**, that notice of the Petition in the form attached as Exhibit B thereto shall be served upon all known creditors and all other parties against whom relief is sought (or

6

their counsel or registered agent for service of process), including any such parties (or counsel) that have addresses outside the United States; and it is further

13.    **ORDERED**, that such service shall be good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      July 6, 2015

                                                /S/ Shelley C. Chapman
                                               United States Bankruptcy Judge
                                               Southern District of New York

**EXHIBIT E**

#48033007_v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------ x
In re                                                        :
                                                             :
PIONEER FREIGHT FUTURES COMPANY                              :    Chapter 15
LIMITED,                                                     :
                                                             :
                                                             :
Debtor in a Foreign Proceeding.                             :    Case No. 13-12324 (JMP)
------------------------------------------------------------ x
```

## ORDER GRANTING RECOGNITION OF A FOREIGN
## MAIN PROCEEDING AND RELATED RELIEF

This matter came before the Court upon the verified petition of Mark Richard Byers and

Mark McDonald, in their capacity as joint liquidators (the "Petitioners") of Pioneer Freight

Futures Company Limited (the "Company") and as duly authorized foreign representatives as

defined by section 101(24) of title 11 of the United States Code (the "Bankruptcy Code") in the

above-captioned case, for the entry of an order granting recognition of a foreign main proceeding

(the "Verified Petition"). The Court has reviewed and considered, among other things, (i) the

Verified Petition and its accompanying memorandum of law, (ii) the statement of Mark Richard

Byers, in his capacity as Joint Liquidator of the Company, made pursuant to section 1515 of the

Bankruptcy Code, (iii) the declaration of Scott Cruickshank, foreign counsel to the Petitioners

and (iv) the arguments and testimony presented at the hearing held on August 22, 2013. Based

on the foregoing, the Court finds and concludes as follows:

1.      The Petitioners have demonstrated that:

   (a)      the Company is subject to a foreign proceeding within the meaning of
            section 101(23) of the Bankruptcy Code;

   (b)      the Company is subject to a foreign main proceeding within the meaning
            of section 1502(4) of the Bankruptcy Code;

    (c)    the Petitioners, as joint liquidators of the Company, are foreign representatives, as defined by section 101(24) of the Bankruptcy Code;

    (d)    the above-captioned Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

    (e)    the Chapter 15 Petition satisfies the requirement of section 1515 of the Bankruptcy Code.

2.    The relief requested is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to sections 1520 of the Bankruptcy Code.

3.    Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Company's liquidation proceeding pending before the Commercial Division of the High Court of Justice, British Virgin Islands, Eastern Caribbean Supreme Court (the "BVI Proceeding") is granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

ORDERED, that the BVI Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded to a foreign main proceeding, a foreign debtor subject to such foreign main proceeding and the foreign representatives of such a foreign debtor automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted to the BVI Proceeding, the Company and the Petitioners respectively, including, without limitation, the protections afforded by section 362 of the Bankruptcy Code; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in this

Chapter 15 case and all adversary proceedings in connection herewith properly commenced and

within the jurisdiction of this Court; and it is further

ORDERED, that this Order shall be served by overnight mail on or before August 27,

2013, upon (a) the Company and (b) the U.S. Trustee; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and

sufficient service and adequate notice for all purposes.

Dated: New York, New York
      August 23, 2013



/s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

**<u>EXHIBIT F</u>**

10

#48033007_v1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
                                          :
In re:                                    :    Chapter 15
                                          :
FARENCO SHIPPING CO. LTD.,                :    Case No. 11-14138 (REG)
                                          :
              Debtor in a                 :
              Foreign Proceeding.         :
                                          :
                                          :
-------------------------------------------------------x

### ORDER RECOGNIZING FOREIGN PROCEEDING AND GRANTING FURTHER RELIEF

Whereas on August 31, 2011, Nicholas Francis James Carter, duly appointed liquidator and foreign representative (**"Petitioner"** or **"Liquidator"**) of Farenco Shipping Co. Ltd. (**"Farenco BVI"** or the **"Foreign Debtor"**)), a company undergoing liquidation before the Commercial Division of the High Court of Justice (the **"BVI Court"**), case number 2011/0051 (the "BVI Liquidation"), pursuant to the Insolvency Act of 2003 of the British Virgin Islands (the **"2003 Act"**), submitted a Verified Petition and Official Form Petition (collectively, the "Petition") for entry of an Order pursuant to chapter 15 of title 11 of the United States Code, 11 U.S.C. 101 *et seq.* (the "Bankruptcy Code"):

(i) recognizing the BVI Liquidation of Farenco BVI as a foreign main proceeding, or in the alternative, a foreign non-main proceeding pursuant to chapter 15 of the Bankruptcy Code;

(ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) granting other and additional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code; and

Whereas on September 7, 2011, this Court signed an order provisionally recognizing the BVI Liquidation of Farenco BVI as a foreign main proceeding, granting relief pursuant to

sections 1519 and 1520 of the Bankruptcy Code; and (iii) granting other and additional provisional relief pursuant to sections 1507 and 1521(a) and (b) of the Bankruptcy Code; and

Whereas no creditor or other party in interest has expressed objection to the recognition of the Farenco BVI Liquidation as a foreign main proceeding, and Petitioner has accordingly submitted this order to the Court on presentment; and

Upon the Court's review and consideration of the Petition, and the accompanying Declarations of Nicholas Francis James Carter executed on August 29, 2011; Ray Ng executed on August 31, 2011 and of James H. Power executed on August 31, 2011, together with all exhibits thereto, in support of the Petition, and the evidence put on the record at the Hearing; and appropriate and timely notice of the filing of the Petition and the hearing thereon having been given by Petitioner, pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and no objections or other responses having been filed that have not been overruled, withdrawn or otherwise resolved; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501.

B.    Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410.

C.    This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(P).

D.    Petitioner is "person" pursuant to 11 U.S.C. § 101(41) and is the "foreign representative" of Farenco BVI pursuant to 11 U.S.C. § 101(24).

E.      This chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509, and 1515.

F.      Petitioner has satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.      The BVI Liquidation is a "foreign proceeding" pursuant to 11 U.S.C. § 101(2).

H.      The BVI Liquidation is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.      The BVI Liquidation is pending in the British Virgin Islands, the country where Farenco BVI's center of main interests is located, and accordingly the BVI Liquidation is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4), and is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.      Petitioner is entitled to all the relief provided pursuant to 11 U.S.C. § 1520 without limitation.

K.      Petitioner is entitled to relief pursuant to 11 U.S.C. §§ 1507 and 1521 as ordered by this Court.

L.      The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520, and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1.      **ORDERED**, that the BVI Liquidation is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

2.      **ORDERED**, that the BVI Liquidation is hereby recognized as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

3.    **ORDERED**, that all persons and entities (other than Petitioner or its expressly

authorized representative(s) and agent(s)) are hereby enjoined, except as provided in 11 U.S.C.

§§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

A.    executing against Farenco BVI's property or assets;

B.    taking or continuing any act to obtain possession of, or exercise control over,
Petitioner (with respect to Farenco BVI), Farenco BVI or any of its property or assets;

C.    taking or continuing any act to create, perfect or enforce a lien or other security
interest, set-off or other claim against Petitioner (with respect to Farenco BVI), Farenco BVI or
any of its property or assets, or otherwise seeking the issuance of or issuing any restraining
notice or other process or encumbrance with respect to Farenco BVI or any of its property or
assets;

D.    transferring, relinquishing or disposing of any property of Farenco BVI to any
person or entity other than Petitioner;

E.    destroying, secreting, altering, deleting or otherwise disposing of any documents,
records, filings, or other information, however stored, concerning or relating to the affairs of
Farenco BVI;

and it is further

4.    **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the BVI

Liquidation; and it is further

5.    **ORDERED** that Petitioner or any third person acting pursuant to Petitioner's

instructions or agreement may transfer funds or property belonging to Farenco BVI into or out of

the United States in accordance with their respective obligations to Farenco BVI or under the

BVI Liquidation; and it is further

6.    **ORDERED** that Petitioner is authorized to operate, if applicable, and wind up the

affairs and the business of Farenco BVI that is the subject of BVI Liquidation and may exercise

the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520; and it is further

7.    **ORDERED** that the relief set forth in the TRO dated September 1, 2011 shall

continue unless otherwise ordered by this Court; and it is further

4

8.    **ORDERED** that Petitioner is hereby authorized, on an expedited basis, to examine witnesses, take evidence, seek production of documents, serve requests to admit and deliver information to the BVI Court concerning the assets, affairs, rights, obligations or liabilities of Farenco BVI.  This relief shall include:

i.   Obtaining discovery from and/or in relation to the affairs of Farenco Shipping Pte Ltd. (Singapore) and Farenco Transportation Co. Ltd. and their associates as all such information is required in the BVI Liquidation under the law of the United States; and

ii.  Obtaining discovery from intermediary banks in New York that process U.S. dollar wire transfers to ascertain the location and movement of Farenco BVI assets prior to and at anytime after the commencement of the liquidation of Farenco BVI; and

iii. Obtaining discovery, on an expedited basis, from Farenco BVI's former U.S. counsel including, but not limited to, copies of attorney files and suitable reproductions of any and all documents, records, filings, or other information, however stored, including but not limited to emails; and

iv.  Obtaining discovery from any person or entity subject to this Court's jurisdiction that may possess or have access to information concerning Farenco BVI's business and trading operations, bank accounts, officers and directors, any of Farenco BVI's related-companies, email accounts, or any other information that could assist the Liquidator in identify assets, records, books, documents, and/or creditors of the Foreign Debtor; and it is further

9.    **ORDERED** that the administration or realization of all or part of the tangible and intangible assets of Farenco BVI subject to the jurisdiction of the United States is hereby entrusted to Petitioner and Petitioner is hereby established as the exclusive representative of Farenco BVI in the United States; and it is further

10.    **ORDERED** that Farenco Shipping Pte Ltd. and Farenco Transportation Co. Ltd., their agents and counsel are enjoined from "de-registering" as foreign business corporations or relinquishing their authorization to do business in the State of New York; and it is further

11.    **ORDERED** that:

a. the relief set forth in the TRO dated September 1, 2011 shall continue unless otherwise ordered by this Court;

b. Petitioner or any third person acting pursuant to Petitioner's instructions or agreement may transfer funds or property belonging to Farenco BVI into or out of the United States in accordance with their respective obligations to Farenco BVI or under the BVI Liquidation;

c. Petitioner is authorized to operate, if applicable, and wind up the affairs and the business of Farenco BVI that is the subject of BVI Liquidation and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. § 1520; and it is further

12.    **ORDERED** that pursuant to 11 U.S.C. 1509, Petitioner may bring claims on behalf of Farenco BVI and/or the Liquidator; and it is further

13.    **ORDERED** that a copy of this Order shall be served by electronic mail or by hand delivery, upon all of former U.S.-based counsel for Farenco BVI in the U.S. Actions, and by hand to Farenco Shipping Pte. Ltd.'s and Farenco Transportation Co. Ltd.'s registered agent in New York; and by international registered mail to all known creditor(s); and it is further

14.    **ORDERED** that such service shall be good and sufficient service and adequate notice; and it is further

15.    **ORDERED**, that the Petition and supporting papers shall also be made available by Petitioner upon request to Holland & Knight LLP, 31 West 52nd Street, New York, New York 10019 (Attn.: James Power, Esq.), as counsel to Petitioner; and it is further

16.    **ORDERED** that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary

proceeding brought in and through this chapter 15 case, and any request by an entity for relief

from the provisions of this Order, for cause shown, that is properly commenced and within the

jurisdiction of this Court;


Dated: New York, New York
      February *24*, 2012


                                                *s/ Robert E. Gerber*
                                            United States Bankruptcy Judge
                                            Southern District of New York


#10530978_v2

**<u>EXHIBIT G</u>**

#48033007_v1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>LDK SOLAR CO., LTD. (IN PROVISIONAL LIQUIDATION),[1]<br><br>      Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 14-12387 (PJW)<br><br>Re: Docket Nos. 2, 3, 4, 5, 19, 20 & 21 |

### ORDER (I) RECOGNIZING THE CAYMAN PROCEEDING OF LDK SOLAR CO., LTD. AS A FOREIGN MAIN PROCEEDING AND (II) GRANTING RELATED RELIEF

Upon the Motion[2] of Eleanor Fisher and Tammy Fu of Zolfo Cooper (Cayman) Limited, in their capacity as foreign representative (in such capacity, the "Foreign Representatives") of LDK Solar CO., Ltd. (the "LDK Parent") for entry of (i) the Provisional Order enforcing the terms of the Cayman Court's *Order Appointing Provisional Liquidators* dated February 27, 2014 on an interim basis in the United States and granting certain other provisional related relief and (ii) a final order, after notice and a hearing, granting recognition of the Cayman Proceeding as a foreign main proceeding or, in the alternative, as a foreign nonmain proceeding and enforcing the terms of the Cayman Order on a permanent basis in the United States; and upon consideration of the Motion and all pleadings related thereto; and the Provisional Order having been entered on October 22, 2014 [Docket No. 20] after due notice and a hearing; and upon consideration of the Motion and all pleadings related thereto, including (i) the *Memorandum of Law in Support of (I) Chapter 15 Petition of LDK Solar CO., Ltd. (in Provisional Liquidation) and (II) Motion for (A) Provisional Relief, (B) Recognition of the*

---

[1] The last four digits of the Cayman Islands registration number of LDK Solar CO., Ltd (in provisional liquidation) are 6736. The mailing address for LDK Solar CO., Ltd. (in provisional liquidation) is: Zolfo Cooper (Cayman) Limited as Joint Provisional Liquidators, Attn: Eleanor Fisher & Tammy Fu, P.O. Box 1102 GT, 4th Floor, Building 3, Cayman Financial Centre, Grand Cayman KY1-1002, Cayman Islands.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

*Cayman Proceeding as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding and (C) Certain Related Relief* (the "Memorandum of Law"), (b) the *Declaration of Tammy Fu in Support of (I) Chapter 15 Petition of LDK Solar CO., Ltd. (In Provisional Liquidation) and (II) Motion of the Foreign Representatives For (A) Provisional Relief, (B) Recognition of the Cayman Proceeding as a Foreign Main Proceeding or, in the Alternative, as a Foreign Nonmain Proceeding, and (C) Certain Related Relief* (the "JPL Declaration") and (c) the *Declaration of Jonathan Guy Manning in Support of (A) Chapter 15 Petition of LDK Solar CO., Ltd. (In Provisional Liquidation) For Recognition of Foreign Main Proceeding, and (B) Motion For (I) Provisional Relief, (II) Recognition of the Cayman Proceeding as a Foreign Main Proceeding and (III) Certain Related Relief* (the "Manning Declaration"); and the Court finding that: (a) the Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (d) notice of the Motion was due and proper under the circumstances and no further or other notice need be given; and hearings having been held to consider the relief requested in the Motion on October 22, 2014 and November 21, 2014 and upon the record of the hearings and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interest of LDK Parent, its estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, the Court additionally finds and concludes that:

A.      The Foreign Representatives are each a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of LDK Parent within the meaning of section 101(24) of the Bankruptcy Code.

B.      LDK Parent's Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

C.      The Chapter 15 Petition filed by LDK Parent on the Petition Date, as supplemented by the record in this Chapter 15 Case, meets each of the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4) (subject to certain relief requested in the concurrently filed *Motion of Foreign Representatives For an Order (I) Specifying the Form and Manner of Service of Notice, (II) Scheduling the Recognition Hearing, (III) Shortening Certain Deadlines Provided Under the Bankruptcy Code and the Bankruptcy Rules and (IV) Granting Related Relief* (the "Notice Motion")).

D.      The Cayman Proceeding is a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code.

E.      The Cayman Proceeding is entitled to recognition by this Court pursuant to section 1517(a) of the Bankruptcy Code.

F.      The Cayman Proceeding is pending in the Cayman Islands, which is the location of LDK Parent's center of main interests, and, as such, is a foreign main proceeding pursuant to section 1502(4) of the Bankruptcy Code and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

G.      The Foreign Representatives and LDK Parent are entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code.

H.    The Foreign Representatives are entitled to the relief expressly set forth in

11 U.S.C. §§ 1521(a) and (b) that is granted hereby.

I.    The relief granted hereby is necessary and appropriate, in the interests of

the public and international comity, consistent with the public policy of the United States,

warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1520, 1521 and 1525 of the

Bankruptcy Code, and will not cause any hardship to any parties in interest that is not

outweighed by the benefits of granting relief.

J.    Absent the relief granted hereby, LDK Parent may be subject to the

prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or

proceedings against LDK Parent or their property, thereby interfering with and causing harm to,

LDK Parent, its creditors, and other parties in interest in the Cayman Proceeding and, as a result,

LDK Parent, its creditors and such other parties in interest would suffer irreparable injury for

which there is no adequate remedy at law.

K.    Absent the requested relief, the efforts of LDK Parent, the Cayman Court

and the Foreign Representatives in conducting the Cayman Proceeding and effecting the

proposed global restructuring of LDK Parent may be thwarted by the actions of certain creditors,

a result inimical to the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy

Code.

L.    Each of the injunctions contained in this Order (i) is within the Court's

jurisdiction, (ii) confers material benefits on, and is in the best interests of, LDK Parent and its

creditors, including without limitation the creditors in the Cayman Proceeding, and (iii) is

important to the overall objectives of the Cayman Proceeding.

M.    The interest of the public will be served by this Court's granting of the relief requested by the Foreign Representatives.

**NOW, THEREFORE, IT IS HEREBY:**

ORDERED, that the Motion is GRANTED as set forth herein; and it is further

ORDERED, that the Cayman Proceeding is hereby recognized as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code; and it is further

ORDERED, that all provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 Case, including, without limitation, the stay under section 362 of the Bankruptcy Code throughout the duration of this Chapter 15 Case or until otherwise ordered by this Court; and it is further

ORDERED, that the Cayman Order (and any amendments or extensions thereof as may be granted from time to time by the Cayman Court) is hereby enforced on a final basis and given full force and effect in the United States; and it is further

ORDERED, that the relief granted in the Provisional Order of this Court shall continue in full force and effect; and it is further

ORDERED, that, subject to sections 1520 and 1521 of the Bankruptcy Code, the Cayman Order, and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the United States to the same extent they are given effect in the Cayman Islands, and each is binding on all creditors of LDK Parent and any of their successors and assigns; provided, however, that nothing in this Order shall be deemed to modify section 1521(d) of the Bankruptcy Code; and it is further

ORDERED, that all entities (as that term is defined in section 101 (15) of the Bankruptcy Code), other than the Foreign Representatives and their expressly authorized representatives and agents, are hereby enjoined from:

a) execution against any of LDK Parents' assets;

b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against LDK Parent in the United States;

c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against LDK Parent or any of their property;

d) transferring, relinquishing, or disposing of any property of LDK Parent to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

e) commencing or continuing an individual action or proceeding concerning LDK Parent's assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to section 1520(a) of the Bankruptcy Code; and

f) terminating contracts or otherwise accelerating obligations thereunder; *provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States;

and it is further

ORDERED, that nothing in this Order shall affect or impair the rights and protections of the Chapter 11 Debtors, including the automatic stay protections under section 362 of the Bankruptcy Code in the Chapter 11 Cases; and it is further

ORDERED, that notice of entry of this Order, shall be served in accordance with this Court's *Order (I) Specifying the Form and Manner of Service of Notice, (II) Scheduling the Recognition Hearing and (III) Shortening Certain Deadlines Provided Under the Bankruptcy Code and the Bankruptcy Rules and (IV) Granting Related Relief,* dated October 22, 2014 (the

"Notice Order"). Service in accordance with the Notice Order constitutes adequate and sufficient service and notice;

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that the Foreign Representatives and LDK Parent are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order;

ORDERED, that the Foreign Representatives and LDK Parent are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED, that the Foreign Representatives, LDK Parent, and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: November 21, 2014
       Wilmington, Delaware


_____
PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT H**

#48033007_v1

☐ORIGINAL

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 15 |
| | ) |
| Saad Investments Finance Company (No.5) Limited | ) Case No. 09-13985 (KG) |
| | ) |
| | ) |
| Debtor in a Foreign Proceeding | ) Ref. Nos. 2, 3, and 4 |
| | ) |

### REVISED ORDER RECOGNIZING FOREIGN PROCEEDING

Upon the petition for recognition (the "Petition") filed under chapter 15 ("Chapter 15") of title 11 of the United States Code (the "Bankruptcy Code") by Messrs. Nicolas Paul Matthews and Geoffrey Eugene Varga (together, the "Petitioners"), in their respective capacities as foreign representatives of Saad Investments Finance Company (No.5) Limited (the "Debtor"), commencing this Chapter 15 case (this "Chapter 15 Case") in respect of the proceeding commenced in the Grand Court of the Cayman Islands as Cause No. 390 of 2009 (the "Cayman Proceeding"); and the Court having considered and reviewed (a) the Petition, (b) the Memorandum of Law in Support of Chapter 15 Petition for Recognition of Foreign Proceeding Pursuant to 11 U.S.C. §§ 1504, 1509, 1515, 1517 and 1520, (c) the Declaration of Nicolas Paul Matthews in Support of Chapter 15 Petition for Recognition of Foreign Proceeding Pursuant to 11 U.S.C. §§ 1504, 1509, 1515, 1517 and 1520, and (d) the Declaration of Sarah Dobbyn in Support of Chapter 15 Petition for Recognition of Foreign Proceeding Pursuant to 11 U.S.C. §§ 1504, 1509, 1515, 1517 and 1520; and the Court having entered the Temporary Restraining Order and Order Scheduling Hearing for Preliminary Injunction on November 12, 2009 (Docket No. 11), the Order on Motion to File Documents Containing Commercially Sensitive Information Under Seal on November 13, 2009 (Docket No. 15) and the Order Granting

Preliminary Injunction on November 18, 2009 (Docket No. 26); and adequate and sufficient service and notice of the Petition having been given to all interested parties; and upon the record of the statements made by counsel for the Petitioners and counsel for interested parties; and based on the foregoing; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

A.    this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501.

B.    this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(P).

C.    venue in this district is proper pursuant to 28 U.S.C. § 1410(1).

D.    the Petitioners are persons within the meaning of sections 101(41) and 1517(a)(2) of the Bankruptcy Code and are the duly appointed foreign representatives of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

E.    the Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

F.    the Petition meets the requirements of section 1515 of the Bankruptcy Code.

G.    the Petitioners have met the requirements set forth in Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

H.    the Cayman Proceeding is a foreign proceeding within the meaning of sections 101(23) of the Bankruptcy Code.

I.    the Debtor has its center of main interests in the Cayman Islands.

{786,001-W0004515.2}                                      2

J.     the Cayman Proceeding is entitled to recognition as a foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code and pursuant to sections 1517(a)(1) and 1517(b)(1) of the Bankruptcy Code.

K.     recognition of the Cayman Proceeding as a foreign main proceeding is necessary and appropriate, in the interest of public and international comity, consistent with the public policy of the United States and the objectives of Chapter 15 set forth in section 1501 of the Bankruptcy Code, and will not cause hardship to third parties in litigation, if any, or any other parties-in-interest that is not outweighed by the benefits of granting the relief set forth herein.

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1.     The Cayman Proceeding is recognized as a foreign proceeding pursuant to section 1517(a) of the Bankruptcy Code.

2.     The Cayman Proceeding is recognized as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

3.     All provisions of section 1520 of the Bankruptcy Code apply in this Chapter 15 Case, including, without limitation, the automatic stay under section 362 of the Bankruptcy Code with respect to the Debtor and any property of the Debtor that is within the territorial jurisdiction of the United States.  For the avoidance of doubt, all persons and entities (including, without limitation, those persons and entities listed on Exhibit A hereto) are hereby enjoined from:

(a)     commencing or continuing any judicial, administrative, or other action or proceeding in the United States against the Foreign Representatives, the Debtor or the Debtor's property or assets;

{786.001-W0004515.2}                              3

(b)    enforcing, against the Foreign Representatives, the Debtor or the Debtor's property or assets in the United States, any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award against the Debtor or the Debtor's property or assets;

(c)    taking any action to obtain possession of the Debtor's property or assets in the United States or to exercise control over the Debtor's property or assets in the United States (including, without limitation, taking any action relating to an existing or future capital call in respect of any of the Funds in the United States that would (1) diminish the Debtor's interest in such Fund, (2) impose penalty interest, (3) seek to collect any amounts outstanding, (4) seek to force the sale of the Debtor's interest in such Fund, or (5) otherwise adversely affect the Debtor's rights or interests relating to such Fund), except as otherwise expressly authorized by the Foreign Representatives in writing;

(d)    taking any action to create, perfect or enforce any lien against the Debtor's property or assets in the United States;

(e)    taking any action to collect, assess or recover a claim against the Debtor in the United States or in respect of the Debtor's property or assets in the United States; or

(f)    transferring, encumbering or otherwise disposing of any property or assets of the Debtor in the United States.

4.    The administration and/or realization of the Debtor's assets located within the jurisdiction of the United States are hereby entrusted to the Foreign Representatives. Until further Order of this Court, the Foreign Representatives are hereby established as the exclusive representatives of the Debtor in the United States with the exclusive authority to administer the Debtor's assets and affairs in the United States including, without limitation, to sell or dispose of the Debtor's interests in its assets, to collect distributions relating to the Debtor's interest in any of its assets (including upon the maturity of such interest), and to make or not make any capital calls relating to the Debtor's assets, all of which actions and decisions by the Foreign Representatives being in the ordinary course of the Debtor's business and consistent with the "Winding Up Order" entered in the Cayman Proceeding.

{786 001-W0004515 2}    4

5.      Notwithstanding anything contained herein, this Order shall be without prejudice to (i) the right of Lightyear Fund II, L.P. ("Lightyear") to pursue an adjudication of the merits of the issues raised in the limited objection that it filed in this case (Docket No. 29) (the "Lightyear Limited Objection") and (ii) the Debtor's right to contest the same. Subject to further order of this Court, and to the extent that the Lightyear Limited Objection is not otherwise resolved consensually between Lightyear and the Petitioners, the Court shall hold a hearing on the merits of issues raised in the Lightyear Limited Objection at 3:00 p.m. (prevailing Eastern time) on January 6, 2010.

6.      No action taken by the Petitioners or any of their successors, agents, representatives, advisors or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of, or in connection with, the Cayman Proceeding, this Chapter 15 Case, this Order or any other order made in this Chapter 15 Case, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded such person under sections 306 and 1510 of the Bankruptcy Code.

7.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) this Order shall be effective immediately and shall be final and enforceable upon its entry, (b) the Petitioners are not subject to any stay in the implementation, enforcement, effectuation or realization of the relief granted in this Order, and (c) the Petitioners are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement, effectuate and realize the terms of this Order.

8.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Petition or the implementation, enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by an entity for relief from the provision of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: Wilmington, Delaware
         December 17, 2009

The Honorable Kevin Gross
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

| 1. | **Saad Investments Company Limited (in Official Liquidation)** |
|---|---|
| | c/o Grant Thornton Specialist Services (Cayman) Limited<br>Commerce House, 2nd Floor<br>7 Dr. Roy's Drive<br>P.O. Box 1370<br>Grand Cayman, KY1-1108<br>Cayman Islands<br>Attn: Hugh Dickson, Mark Byers and Steve Akers, in their capacity as the Joint Official Liquidators of Saad Investments Finance Company Limited (in Official Liquidation)<br><br>- and -<br><br>c/o Walkers<br>Walker House, 87 Mary Street<br>George Town, Grand Cayman KY1-9001<br>Cayman Islands<br>Attn: Colette Wilkins |
| 2. | **Barclays Bank PLC**<br><br>1 Churchill Place,<br>London E14 5HP,<br>United Kingdom |

| | |
|---|---|
| 3. | **Mr. Maan Abdulwaheed Al Sanea**<br><br>c/o Saad Trading and Contracting Co.<br>P.O. Box 3250<br>Al Khobar, 31952<br>Kingdom of Saudi Arabia<br><br>- and -<br><br>c/o Gibson, Dunn & Crutcher, LLP<br>200 Park Avenue, 47th Floor<br>New York, NY  10116-0193<br>Attn:  Robert F. Serio, Esq., Gabriel Herrmann, Esq.<br><br>- and -<br><br>c/o Appleby<br>Clifton House<br>75 Fort Street<br>PO Box 190<br>Grand Cayman KY1-1104<br>Cayman Islands<br>Attn: Jeremy Walton |
| 4. | **Awal Bank BSC**<br><br>Entrance 3, Level 1<br>The Manana Center<br>Government Avenue<br>Kingdom of Bahrain<br><br>- and -<br><br>c/o Charles Russell, LLP (External Administrator of Awal Bank, BSC)<br>5 Fleet Place<br>London EC4M 7RD<br>United Kingdom<br><br>- and -<br><br>c/o Quinn Emanuel Urquhart Oliver & Hedges, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Attn:  Daniel L. Brockett, Esq., Christine H. Chung, Esq. |

| 5. | **Ahmed Hamad Al Gosaibi & Brothers Co.**<br><br>P.O. Box 106<br>Al Khobar 31952<br>Kingdon of Saudi Arabia<br><br>- and -<br><br>c/o Solomon Blum Heymann & Stich, LLP<br>40 Wall Street<br>New York, NY 10005<br>Attn:  David P. Stich, Esq.<br><br>- and -<br><br>c/o Baach Robinson & Lewis, PLLC<br>1201 F. Street, NW<br>Suite 500<br>Washington, DC 20004<br>Attn:  Bruce R. Grace, Esq., Elizabeth Marvin, Esq., Katherine Toomey, Esq.<br><br>- and -<br><br>c/o Mourant du Feu & Jeune<br>Harbour Centre<br>42 North Church Street, PO Box 1348<br>George Town, Grand Cayman KY1 1108<br>Cayman Islands<br>Attn:  Simon Hayden |
|---|---|

| 6. | **MashreqBank PSC** |
|---|---|
| | P.O. Box 1250, Near Al Ghurair City, Deira Dubai, United Arab Emirates |
| | - and - |
| | 50 Broadway, Suite 1500 New York, NY 10004 |
| | - and - |
| | c/o Cleary Gottlieb Steen & Hamilton LLP One Liberty Plaza New York, NY 10006 Attn:  David E. Brodsky, Esq., Carmine D. Boccuzzi, Jr., Esq. |
| 7. | Filed Under Seal |
| 8. | Filed Under Seal |
| 9. | Filed Under Seal |
| 10. | Filed Under Seal |
| 11. | Filed Under Seal |
| 12. | Filed Under Seal |
| 13. | Filed Under Seal |
| 14. | Filed Under Seal |
| 15. | Filed Under Seal |
| 16. | Filed Under Seal |
| 17. | Filed Under Seal |
| 18. | Filed Under Seal |
| 19. | Filed Under Seal |
| 20. | Filed Under Seal |
| 21. | Filed Under Seal |
| 22. | Filed Under Seal |
| 23. | Filed Under Seal |
| 24. | Filed Under Seal |
| 25. | Filed Under Seal |
| 26. | Filed Under Seal |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| Saad Investments Finance Company (No.5) Limited | Case No. 09-13985 (KG) |
| | **Related Docket Nos. 2, 3 and 4** |
| Debtor in a Foreign Proceeding. | |

### REVISED ORDER RECOGNIZING FOREIGN PROCEEDING

### CONFIDENTIAL

### FILED UNDER SEAL PURSUANT TO AN ORDER DATED NOVEMBER 13, 2009 (DOCKET NO. 15), GOVERNING THE FILING OF DOCUMENTS UNDER SEAL

### THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY COURT ORDER.

Dated: December 17, 2009
Wilmington, Delaware

**LANDIS RATH & COBB LLP**
Adam G. Landis (No. 3047)
Kerri K. Mumford (No. 4186)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450

- and -

**SCHULTE ROTH & ZABEL LLP**
Brian D. Pfeiffer (BDP-2550)
Karen S. Park (KP-1104)
919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000
Facsimile: (212) 593-5955

*Counsel to the Petitioners*

**EXHIBIT I**

#48033007_v1

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF DELAWARE

-----------------------------------------------------------x

In re:                                    :        Chapter 15
                                          :
MADISON NICHE ASSETS                      :        Case No. 16-010043 (KJC)
FUND, LTD. (IN OFFICIAL                   :
LIQUIDATION)[1], et al.,                  :
                                          :        (Jointly Administered)
            Debtors in                    :
            Foreign Proceedings.          :        Ref. Docket Nos. 2, 24, 25, and 34
                                          :
                                          :
-----------------------------------------------------------x

### ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1504, 1509, 1515, 1517, 1520 AND 1521 OF THE BANKRUPTCY CODE

Matthew James Wright and Christopher Barnett Kennedy, duly appointed joint official

liquidators and authorized foreign representatives ("**Official Liquidators**") of Madison Niche

Opportunities Fund, Ltd. (in Official Liquidation) ("**Opportunities Fund**") and Madison Niche

Assets Fund, Ltd. (in Official Liquidation) ("**Assets Fund**" and together with Opportunities

Fund, the "**Funds**"), both Funds in liquidation under the supervision of the Financial Services

Division of the Grand Court of the Cayman Islands (the "**Grand Court**") (cause nos. FSD 0035

of 2015 (ASQC) (re the Assets Fund) and 0036 of 2015 (ASQC) (re the Opportunities Fund)) as

a result of the Grand Court's orders (the "**Supervision Orders**") made pursuant to the Official

Liquidators' petitions for the Grand Court's supervision under section 131 of the Companies

Law of the Cayman Islands (2013 Revision) (the "**Companies Law**")[2] (the "Cayman

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Madison Niche Assets Fund, Ltd. (in Official Liquidation) (1425) and Madison Niche Opportunities Fund, Ltd. (in Official Liquidation) (0084). The Funds' registered office is 2nd Floor, Windward 1, Regatta Office Park, P.O. Box 897, Grand Cayman, KY1-1103.

[2] Excerpts of the relevant provisions of the Companies Law are attached as Exhibit A to the Gowrie Declaration.

01:18096067.4

**Liquidations**") by its United States counsel, Holland & Knight LLP and Young Conaway Stargatt & Taylor, LLP, filed an Official Form Petition, the *Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief, Pursuant to Sections 1504, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code* (the "**Verified Petition**,"[3] [D.I. 2] and, together with the Official Form Petition, the "**Petition**"), and the accompanying Christopher Barnett Kennedy Declaration dated January 8, 2016 [D.I. 5], Barnaby Gowrie Declaration dated January 8, 2016 [D.I. 4], and Warren Gluck Declaration dated January 8, 2016 [D.I. 3], seeking relief pursuant to chapter 15 of the Bankruptcy Code.

TMC Consulting Services, LLC ("**TMC**") filed an objection to the Petition ("**Objection**") dated February 5, 2016 [D.I. 24]. The Official Liquidators and TMC subsequently reached an agreement whereby TMC withdrew its objection in accordance with terms set forth in this order.

On February 24, 2016, a hearing was held concerning the relief sought in the Petition ("**Hearing**"). At the Hearing, the following declarations (the "**Declarations**") were admitted into evidence: (i) *Declaration of Christopher Barnett Kennedy in Support of Chapter 15 Petitions for Recognition as Foreign Main Proceedings* dated January 8, 2016 [D.I. 5]; (ii) *Declaration of Barnaby Gowrie in Support of Chapter 15 Petitions of Debtors in Foreign Proceedings for Recognition as Foreign Main Proceedings* dated January 8, 2016 [D.I. 4]; (iii) *Declaration of Warren E. Gluck in Support of Recognition of Foreign Insolvency Proceedings Pursuant to Chapter 15 of the Bankruptcy Code* dated January 8, 2016 [D.I. 3]; (iv) *Declaration of David Lionette* dated February 5, 2016 [D.I. 24-1]; (v) *Reply Declaration of Christopher Barnett Kennedy in Further Support of Chapter 15 Petitions for Recognition as Foreign Main*

---

[3] Capitalized terms used, but not otherwise defined herein shall have the meanings given to them in the Verified Petition.

*Proceedings* dated February 18, 2016 [D.I. 26]; (vi) *Reply Declaration of Barnaby Gowrie in*
*Support of Chapter 15 Petitions of Debtors in Foreign Proceedings for Recognition as Foreign*
*Main Proceedings* dated February 18, 2016 [D.I. 27]; and (vii) *Declaration of Warren E. Gluck*
*in Support of Recognition of Foreign Insolvency Proceedings Pursuant to Chapter 15 of the*
*Bankruptcy Code* dated February 19, 2016 [D.I. 28].

Upon due consideration of the Petition and Declarations and appropriate and timely
notice of the filing of the Petition and the Hearing thereon having been given by the Official
Liquidators, pursuant to section 1514 of the Bankruptcy Code; and such notice having been
adequate and sufficient for all purposes; and no other or further notice being necessary or
required; and no objections or other responses having been filed that have not been overruled,
withdrawn or otherwise resolved; and all interested parties having had an opportunity to be heard
at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court
makes the following findings of fact and conclusions of law:

A.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and
1334, and 11 U.S.C. §§ 109 and 1501 and the *Amended Standing Order of Reference* from the
United States District Court for the District of Delaware dated February 29, 2012.

B.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C.
§ 1410 (2) because there is an action pending against the Funds within this judicial district, and
the Court may enter a final order consistent with Article III of the United States Constitution.

C.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      The Official Liquidators are the "foreign representatives" of the Funds pursuant to
11 U.S.C. § 101(24).

E.     The chapter 15 cases of the Funds were properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F.     The Official Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.     The Cayman Liquidations are "foreign proceedings" pursuant to 11 U.S.C. § 101(23).

H.     The Cayman Liquidations are entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

I.     The Cayman Liquidations are pending in the Cayman Islands, the country where the Funds' center of main interests is located, and accordingly the Cayman Liquidations are foreign main proceedings pursuant to 11 U.S.C. § 1502(4), and are entitled to recognition as foreign main proceedings pursuant to 11 U.S.C. § 1517(b)(1).

J.     The Official Liquidators are entitled to all of the relief provided under 11 U.S.C. § 1520 and 1521 without limitation, except as specifically provided for in this Order.

K.     The relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521.

**NOW, THEREFORE, IT IS HEREBY**

1.     **ORDERED**, that the Petition is granted as set forth herein;

2.     **ORDERED**, that the Cayman Liquidations are recognized as foreign main proceedings pursuant to 11 U.S.C. §§ 1517(a) and (b)(1); and it is further

3.     **ORDERED** that the Official Liquidators and each of them are recognized as the Foreign Representatives of the Funds within the meaning of 11 U.S.C.§ 101 (24); and it is further

01.18096067.4

4

4.    **ORDERED**, that all persons and entities (other than the Official Liquidators and their expressly authorized representatives and agents) are hereby enjoined, except as provided in 11 U.S.C. §§ 555 through 557, 559 through 562, 1520 and 1521 or as modified herein, from:

(1)    executing against the Funds' property or assets;

(2)    taking or continuing any act to obtain possession of, or exercise control over, the Official Liquidators (with respect to the Funds), the Funds, or any of the Funds' property or assets;

(3)    taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Official Liquidator (with respect to the Funds), the Funds or any of the Funds' property or assets as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to the Funds or any of the Funds' property or assets; and

(4)    transferring, relinquishing or disposing of any property of the Funds to any person or entity other than the Official Liquidators;

and it is further

5.    **ORDERED**, that 11 U.S.C. § 1520(a) shall be effective with respect to the Cayman Liquidations, except that solely the litigation *TMC Consulting Services, LLC v. Matthew Wright et al., C.A.* No.: N15C-11-132 (EMD) (Del. Sup. Ct.) (the "**TMC Litigation**") shall not be stayed pursuant to section 1520(a) or any other provision of the Bankruptcy Code or this Order; and it is further

6.    **ORDERED**, that TMC is hereby granted relief from the automatic stay imposed under 11 U.S.C. §§ 362 and 1520(a) with respect to the TMC Litigation, however, paragraph 4(1)-(4) shall remain in effect with respect to the TMC Litigation; and it is further

7.    **ORDERED**, that the parties shall work to ensure that scheduling of the TMC Litigation reasonably accommodates the circumstances associated with litigation involving companies undergoing Official Liquidation in the Cayman Islands; and it is further

01:18096067 4

8.      **ORDERED,** that the Official Liquidators will not object to any application made to the Grand Court by TMC to lift any stay that may be applicable to the TMC Litigation under the Supervision Orders and relevant laws of the Cayman Islands (**"Cayman Stay"**), and the confirmation of such non-objection will be sent, within two (2) business days of TMC's request, via letter from the Official Liquidators' Cayman Islands counsel, Walkers, to TMC's Cayman Islands counsel Conyers Dill & Pearman; and it is further

9.      **ORDERED** that the Official Liquidators have agreed not to request, and hereby waive, any sanction or penalty in respect of any violation by TMC of the Cayman Stay; and it is further

10.     **ORDERED** that in the event an application by TMC to the Grand Court to lift the Cayman Stay is denied by the Grand Court (**"Cayman Stay Denial Order"**), the Official Liquidators do not waive any rights whatsoever to seek recognition and enforcement of the Cayman Stay Denial Order in this Court or the Delaware Superior Court and TMC does not waive any right to contest such recognition or enforcement; and it is further

11.     **ORDERED** the Official Liquidators and TMC shall not be deemed to have waived or relinquished any right, duty, obligation or argument not specifically and explicitly provided for herein; and it is further

12.     **ORDERED,** that, except for the TMC Litigation and as set forth in paragraphs 4-8 above, 11 U.S.C. § 1521(a)(1-3) shall be effective with respect to the Cayman Liquidations and/or the stay, as provided for by Section 97(1) of the Companies Law, shall be effective in the United States pursuant to 11 U.S.C. § 1507; and it is further

13.    **ORDERED,** that the Official Liquidators are authorized to operate the business of the Funds that are the subject of Cayman Liquidations and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521; and it is further

14.    **ORDERED,** that the Official Liquidators are hereby granted authority to assert claims of the Funds against parties that are subject to jurisdiction in the United States; and it is further

15.    **ORDERED,** that the administration or realization of all or part of the assets of the Funds within the territorial jurisdiction of the United States is hereby entrusted to the Official Liquidators and the Official Liquidators are hereby established as the exclusive representatives of the Funds in the United States; and it is further

16.    **ORDERED,** that the Official Liquidators are hereby granted authority to engage in discovery in respect of United States-located documents and witnesses pursuant to 11 U.S.C. § 1521(a)(4) in respect of the assets, affairs and liabilities of the Funds; and it is further

17.    **ORDERED,** that this Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court; and it is further

01:18096067.4

18.    **ORDERED**, that, notwithstanding Rule 7062 of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**"), made applicable to these chapter 15 cases by Bankruptcy

Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable

upon its entry, and upon its entry, this Order shall become final.

Dated: _____March 1_____, 2016

_____
The Honorable Kevin J. Carey
United States Bankruptcy Judge

01.18096067.4

8

**<u>EXHIBIT J</u>**

#48033007_v1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re:<br><br><br>AJW OFFSHORE, LTD., *et al.*,<br><br><br>Debtors in Foreign Proceedings. | Chapter 15<br><br>Case No. 13-70078-ast<br>13-70082-ast<br>13-70085-ast<br>13-70087-ast<br>(Jointly Administered) |

## ORDER GRANTING RECOGNITION
## OF A FOREIGN MAIN PROCEEDING

Petitioners Ian Stokoe and David Walker, both of PwC Corporate Finance & Recovery (Cayman) Limited (the "Petitioners"), in their capacity as duly appointed foreign representatives, as defined in section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of AJW Offshore Ltd., AJW Master Fund, Ltd., AJW Offshore II, Ltd., and AJW Master Fund II, Ltd. (collectively the "Offshore Funds"), debtors in foreign proceedings (the "Cayman Islands Proceedings"), as defined in Bankruptcy Code section 101(23), pending before the Grand Court of the Cayman Islands, Financial Services Division (the "Cayman Islands Grand Court"), by and through their attorneys Reid Collins & Tsai LLP, having filed (a) the Official Form B1 Chapter 15 petitions for each of the Offshore Funds commencing these Chapter 15 cases (the "Petitions"); (b) the Verified Petition of Foreign Representatives Ian Stokoe and David Walker in Support of Applications for Recognition of Foreign Main Proceedings Pursuant to 11 U.S.C. § 1517 and Additional Relief (the "Verified Petition") along with the exhibits thereto; (c) the Declaration of Ian Stokoe (the "Stokoe Declaration") along with the exhibits thereto; (d) the Declaration of Christopher Russell (the "Russell Declaration"), and (e) the Memorandum of Law

in Support of Verified Petition, and (f) further pleadings supplementing and responding to Objections to the requested relief (the "Memorandum of Law," together with the Verified Petition, Stokoe Declaration, Russell Declaration, and other pleadings the "Chapter 15 Pleadings"); and the Court having reviewed and considered the Chapter 15 Pleadings; and the Court having reviewed, considered and overruled all objections thereto; and due and timely notice of the filing of the Chapter 15 Pleadings having been given; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

    a.    This Court has jurisdiction over these Chapter 15 cases of the Offshore Funds pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986, as amended on December 5, 2012.

    b.    Venue of these Chapter 15 cases is proper in this judicial district pursuant to 28 U.S.C. § 1410.

    c.    The consideration of the Chapter 15 Pleadings and the relief requested therein is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

    d.    These Chapter 15 cases were properly commenced in compliance with and pursuant to sections 1504 and 1515 of the Bankruptcy Code.

    e.    The Chapter 15 Pleadings meet the requirements of section 1515 of the Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

    f.    The Cayman Islands Proceedings are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

g.      The Cayman Islands Proceedings are foreign proceedings within the meaning of

section 101(23) of the Bankruptcy Code.

h.      The Cayman Islands Proceedings are pending in the Cayman Islands, which is the

location of the Offshore Funds' "center of main interests," and as such the Cayman Islands

Proceedings are entitled to recognition as foreign main proceedings pursuant to sections 1502(4)

and 1517(b)(1) of the Bankruptcy Code.

i.      Petitioners are "persons" within the definition of section 101(41) of the

Bankruptcy Code and are the duly appointed "foreign representatives" of the Offshore Funds

within the meaning of section 101(24) of the Bankruptcy Code, and, as such, are entitled to

directly petition the Court for recognition of the Cayman Islands Proceedings under section 1509

of the Bankruptcy Code.

j.      Petitioners are entitled to all relief provided pursuant to section 1520 of the

Bankruptcy Code without limitation.

k.      Petitioners are entitled to relief provided pursuant to section 108 of the

Bankruptcy Code.

l.      The relief granted hereby is necessary and appropriate to effectuate the purposes

of Chapter 15 of the Bankruptcy Code, is in the interests of public policy and international

comity, is not manifestly contrary to the public policy of the United States, and is warranted

pursuant to section 1520 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Cayman Islands Proceedings are granted recognition as foreign main

proceedings, as defined in section 1502(4) of the Bankruptcy Code, pursuant to section 1517 of

the Bankruptcy Code.

2.      All relief afforded a foreign main proceeding automatically upon recognition pursuant to section 1520 of the Bankruptcy Code is granted.

3.      Petitioners are and shall be recognized as the foreign representatives of the Offshore Funds for which they were duly appointed as Joint Official Liquidators in the Cayman Islands Proceedings.

4.      Petitioners are authorized to operate the Offshore Funds' businesses and may exercise the powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code.

5.      The protections of sections 361 and 362 of the Bankruptcy Code shall apply to the Offshore Funds and their assets in the United States.

6.      The statutory tolling and extensions provided for in section 108 of the Bankruptcy Code apply for the Offshore Funds from the date of this Order, without prejudice to Petitioners' request for section 108's statutory tolling and extension provisions to apply *nunc pro tunc* to the date of the filing of the Verified Petition, January 7, 2013.

7.      Consistent with this Order, Petitioners are authorized to recover property of the Offshore Funds' estates, commence or continue any action within the United States in furtherance of their activities as the foreign representatives of the Offshore Funds and take any actions necessary to effectuate the relief granted pursuant to the Order and all other relief provided by section 1509(b).

8.      Service of this Order shall be made by United States mail, first-class postage prepaid on or before **February 7, 2013**, upon  (i) the Debtor, in accordance with the laws of the Cayman Islands (ii) the U.S. Trustee, (iii) the U.S. Securities and Exchange Commission, (iv) any official liquidating committee or other committee appointed in the Cayman Islands

Proceedings of the Offshore Funds, (v) all persons or bodies authorized to administer the foreign

proceedings of the Offshore Funds, (vi) Corey Ribotsky; and (vii) all parties to litigation pending

in the United States in which the Offshore Funds are a party at the time of the filing of the

petition at their last known addresses or, in the case of Corey Ribotsky, by email.

9.    Petitioners shall publish this Order on the Offshore Funds' public website:

http://www.ajw-group-liquidation.com/, on or before **February 7, 2013**, and will further cause

emails to be sent to the Offshore Funds' registered stakeholders and the members of the Offshore

Funds' liquidation committee, alerting them that this Order is available on such website.

10.    Such service shall be good and sufficient service and adequate notice of this

Order for all purposes; proof of such service shall be filed on or before **February 14, 2013**.

11.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry. This Order shall be entered in the lead case of AJW Offshore, Ltd.,

13-70078-ast, and, in accordance with this Court's Order Directing Joint Administration of Cases

Under Chapter 15 of the Bankruptcy Code entered January 11, 2013 [dkt item 13], shall be

immediately effective as to each of the Offshore Funds.

12.      This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 cases, and any request by any person or entity for relief from the provisions of this Order.



Dated: February 5, 2013
        Central Islip, New York

Alan S. Trust
United States Bankruptcy Judge

# EXHIBIT K

#48033007_v1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
(201) 489-3000
(201) 489-1536 Facsimile

**MOSES & SINGER LLP**
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 554-7800
Alan Kolod, Esq.
Mark N. Parry, Esq.
Declan M. Butvick, Esq.

Co-counsel for Petitioner Plaza Management
Overseas S.A., in its capacity as the foreign
representative

In re:

GRAND PRIX ASSOCIATES INC., *et al.*,
            Debtors in Foreign Proceedings.

FILED
JAMES J. WALDRON, CLERK
MAY 1 8 2009
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

Judge: Hon. Donald H. Steckroth

Chapter 15

(Jointly Administered)

Case No. 09-16545 (DHS)

**ORDER GRANTING RECOGNITION
OF FOREIGN MAIN PROCEEDING
AND RELATED RELIEF PURSUANT
TO SECTIONS 363, 1515, 1517, 1520,
1521, 1525 AND 1527 OF THE
BANKRUPTCY CODE**

    The relief set forth on the following pages, numbered two (2) through eleven (11), is

hereby ORDERED.

May 18, 2009

D. Steckroth
USBJ

755168                                    1

A hearing having been held before the United States Bankruptcy Court of the District of New

Jersey (the "Court") on  May 18 , 2009 (the "Hearing") to consider the Amended

Verified Joint Petition for Recognition of a Foreign Proceeding Pursuant to 11 U.S.C.

§§ 1515, 1517, 1520, 1521, 1525 and 1527 (the "Amended Verified Joint Petition,"

collectively with the individual petitions filed on behalf of each foreign debtor[1], the

"Petitions"), seeking recognition of the foreign proceeding (the "BVI Action"), pending in the

Eastern Caribbean Supreme Court, High Court of Justice, British Virgin Islands (the "BVI

Court"), as a foreign main proceeding pursuant to sections 1515 and 1517 of title 11 of the

United States Code (the "Bankruptcy Code"), filed by Plaza Management Overseas S.A. (the

"Petitioner"), as duly authorized foreign representative for the BVI Debtors; and upon the

Court's review and consideration of the Petitions, the Declaration of Tom Meganck As

Director Of The Foreign Representative Of The Petitioner Pursuant To Section 1515(c) Of

The Bankruptcy Code And Bankruptcy Rule 1007(a)(4), dated March 18, 2009, the Master

Settlement Agreement (as defined in the Amended Verified Joint Petition),[2] the Transaction

Agreement, and the evidence put on the record at the Hearing; and appropriate and timely

notice of the filing of the Petitions and the hearing thereon having been given by Petitioner,

---

[1]    The foreign debtors are: Grand Prix Associates Inc., a business company organized under the
laws of British Virgin Islands ("GPAI"); Bundora Associates Inc., a business company organized
under the laws of British Virgin Islands ("BAI"); Bundora Investments Limited, a company organized
under the laws of Malta ("BIL"); Bundora Investments N.V., a company organized under the laws of
Belgium ("BINV"); Ruby Investment Sp. z.o.o., a company organized under the laws of Poland
("RI"); Bundora Corp., a company organized under the laws of the State of Delaware ("BC");
Lockhart Overseas Investments Corp., a business company organized under the laws of British Virgin
Islands ("LOIC"); Lockhart Limited, a company organized under the laws of Malta ("LL"); Naven
Investments Sp. z.o.o., a company organized under the laws of Poland ("NI"); Lockhart Corp. I, a
company organized under the laws of the State of Delaware ("LC-I"); Shelby Overseas Invest & Trade
Ltd., a business company organized under the laws of British Virgin Islands ("SOIT") (collectively,
the "BVI Debtors").

[2]    Unless otherwise provided, all defined terms not defined herein shall have the meaning
ascribed to them in the Master Settlement Agreement.

pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and

sufficient for all purposes; and no other or further notice being necessary or required; and no

objections or other responses having been filed that have not been overruled, withdrawn or

otherwise resolved; and all interested parties having had an opportunity to be heard at the

Hearing; and upon the consent of the CS SP Parties (as defined in the Amended Verified Joint

Petition); and after due deliberation and sufficient cause appearing therefore, the Court,

subject to decretal paragraph 14 hereof, makes the following findings of fact and conclusions

of law:

      (a)     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

157 and 1334, and sections 109 and 1501 of the Bankruptcy Code.

      (b)     Venue of this proceeding is proper in this judicial district pursuant to

28 U.S.C. § 1410 because the BVI Debtors' principal assets in the United States are located in

this District.

      (c)     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

      (d)     The Petitioner is a "person" pursuant to section 101(41) of the

Bankruptcy Code.

      (e)     The Petitioner is the duly appointed "foreign representative" of the BVI

Debtors pursuant to section 101(24) of the Bankruptcy Code.

      (f)     These chapter 15 cases were properly commenced pursuant to sections

1504, 1509, and 1515 of the Bankruptcy Code.

      (g)     The Petitioner has satisfied the requirements of section 1515 of the

Bankruptcy Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

(h)    Pursuant to the BVI Business Companies Act, the BVI Action is currently pending in the BVI Court, and the provisions made thereunder for the protection, administration and distribution of assets, is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

(i)    The BVI Action is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

(j)    The BVI Action is pending in the country where the center of main interests of the BVI Debtors is located, and accordingly the BVI Action is a "foreign main proceeding" pursuant to section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

(k)    The Petitioner is entitled to all the relief provided pursuant to section 1520 of the Bankruptcy Code.

(l)    The Petitioner is further entitled to the relief set forth in sections 1521(a) and (b) of the Bankruptcy Code.

(m)    The transfer of the stock of Dickson Invest & Trade Ltd. ("Dickson") from Blackthorne Properties, Inc. ("Blackthorne") to BAI and, following such transfer, the transfer of certain LP Interests from Dickson to certain of the BVI Debtors and the assumption of the obligations appurtenant to such LP Interests by the BVI Debtors, as authorized and required herein, are necessary in order to implement the Master Settlement Agreement and to preserve the value of the BVI Debtors' interests in the LP Interests, and are in the best interests of the BVI Debtors and their estates and all parties in interest. The

execution and performance of the Master Settlement Agreement are essential grounds for the

entry of this Order and granting recognition to the BVI Action.

      (n)    The payment of all outstanding capital calls by the BVI Debtors, as

authorized and required herein, are necessary in order to implement the Master Settlement

Agreement and to preserve the value of the BVI Debtors' interests in the LP Interests and are

in the best interests of the BVI Debtors and their estates and all parties in interest.

      (o)    The relief granted hereby is necessary and appropriate, in the interests

of the public and international comity, consistent with the public policy of the United States,

and warranted pursuant to sections 363, 1515, 1517, 1520, 1521, 1525 and 1527 of the

Bankruptcy Code.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1.    The BVI Action is granted recognition pursuant to section 1517(a) of the

Bankruptcy Code.

2.    The BVI Action is granted recognition as a foreign main proceeding pursuant

to section 1517(b)(1) of the Bankruptcy Code.

3.    Except as otherwise provided in sections 1520 and 1521 of the Bankruptcy

Code, and subject to decretal paragraphs 4, 5, 6, 7, 8, 9, 10 and 11 hereof, all persons and

entities are hereby enjoined from:

      (a)    executing against the BVI Debtors' assets;

      (b)    taking or continuing any act to obtain possession of, or exercise control

           over, the Petitioner (with respect to the BVI Debtors), the BVI Debtors

           or any of their property;

(c)    taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Petitioner (with respect to the BVI Debtors), the BVI Debtors or any of their property;

(d)    transferring, relinquishing, selling, encumbering or disposing of any property of the BVI Debtors, wherever located, to any person or entity other than the Petitioner;

(e)    commencing or continuing any proceedings, including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, appeal, proceeding or process whatsoever (collectively, "Proceedings") against the Petitioner (with respect to the BVI Debtors), the BVI Debtors or any of their property and seeking discovery of any nature against the Petitioner (with respect to the BVI Debtors) or the BVI Debtors;

(f)    enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award and commencing or continuing any act or any action or other Proceedings to create, perfect or enforce any lien, set-off or other claim against the Petitioner (with respect to the BVI Debtors), the BVI Debtors or any of their property;

(g)    invoking, enforcing or relying on the benefits of any statute, rule or requirement of federal, state or local law or regulation requiring the Petitioner (with respect to the BVI Debtors) or the BVI Debtors to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any Proceedings,

755168    6

and such statute, rule or requirement will be rendered null and void for the purposes of such Proceedings; and

(h)    declaring the filing of the Petitions and these chapter 15 cases a default or event of default under any agreement, contract or arrangement.

4.    Pursuant to section 1520(a) of the Bankruptcy Code, all persons and entities are hereby enjoined and restrained from taking any actions or steps inconsistent with the BVI Action, the terms of the Master Settlement Agreement, and the terms of the Transaction Agreement, including, *inter alia*, as set forth herein. Notwithstanding anything to the contrary herein, neither this Order, the Master Settlement Agreement or the Transaction Agreement shall be deemed to modify the partnership agreements (including the transfer provisions) of any limited partnership or their affiliates that have issued LP interests held by the BVI Debtors or Dickson.

5.    The Petitioner is authorized to operate the businesses of the BVI Debtors that are the subject of the BVI Action and may exercise the powers of a trustee under and to the extent provided by sections 1520 and 1521.

6.    Subject to the Master Settlement Agreement, the administration or realization of all or part of the assets of the BVI Debtors within the territorial jurisdiction of the United States shall be entrusted to the Petitioner and the Petitioner is hereby established as the exclusive representative of the BVI Debtors in the United States.

7.    The BVI Action shall be granted comity and given full force and effect.

8.    No action taken by the Petitioner, the BVI Debtors or each of their successors, agents, representatives, advisors or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the BVI Action, this

Order, or these chapter 15 cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded such persons under 11 U.S.C. §§ 306 and 1510.

9.    Pursuant to sections 1520 and 1521, the right to sell, transfer, encumber or otherwise dispose, or realize on, of any assets of the Blackthorne Parties and the BVI Debtors (including the stock of the Plaza Parties and of Dickson) wherever located is prohibited, except for any such sale, transfer, encumbrance, disposition or realization required or authorized pursuant to the Master Settlement Agreement and the Transaction Agreement (including, specifically, the transfer of the stock of Dickson to BAI, the transfers of LP Interests from Dickson to any BVI Debtor, and payment by any BVI Debtor of capital calls and interest, fees. legal expenses and other charges to the limited partnerships and their affiliates that have issued the LP Interests).

10.    Pursuant to sections 1520 and 1521 of the Bankruptcy Code, BAI is authorized and required to accept the transfer of the stock of Dickson, and the limited partnerships that have issued LP Interests held by Dickson are authorized to transfer such LP Interests to the BVI Debtors in accordance with section 2.5(b) of the Master Settlement Agreement, and the BVI Debtors are authorized and required to accept such transfers, along with any appurtenant obligations. The parties to the Master Settlement Agreement and the limited partnerships (or other entities) that have issued any LP Interests held by Dickson are further authorized, and the parties to the Master Settlement Agreement are required, to perform any sale, transfer, encumbrance, disposition or realization required or authorized pursuant to the Master Settlement Agreement and the Transaction Agreement (including, for the avoidance of doubt, payment by any BVI Debtor to such limited partnerships and their affiliates of capital calls

and interest, fees, legal expenses and other charges prior to the transfer of LP Interests from
Dickson to the BVI Debtors).

11.    Pursuant to sections 1520 and 1521 of the Bankruptcy Code, the limited
partnerships that have issued the LP Interests may not exercise any of their remedies against
the BVI Debtors, except that, notwithstanding anything to the contrary herein, such
partnerships (i) may make and accept payment of capital calls (including reasonable interest,
fees, legal expenses and other charges) on the limited partners in their funds that may be
delivered to and be effective against the BVI Debtors, and (ii) shall apply any distributions
payable to any BVI Debtor with an unsatisfied capital call, before distribution of any amount
to such BVI Debtor, to the satisfaction of such call plus any applicable fees, expenses and
other charges and accrued interest at the rate provided for in the respective limited partnership
agreement, subject to Plaza's and the BVI Debtors' right to contest such interest rate before
the Bankruptcy Court.

12.    The limited partnerships that have issued the LP Interests to the BVI Debtors
may seek relief from this Order, for cause shown, by filing a motion on not less than ten (10)
business days notice to (i) Moses & Singer LLP, The Chrysler Building, 405 Lexington
Avenue, New York, New York 10174-1299 (Attention: Alan Kolod, Esq., Mark N. Parry,
Esq. and Declan M. Butvick, Esq.) and Cole, Schotz, Meisel, Forman & Leonard, P.A., Court
Plaza North, 25 Main Street, Hackensack, New Jersey 07601 (Attention: Michael D. Sirota,
Esq. and Warren A. Usatine, Esq.) (the "United States Counsel"), United States Counsel to
Petitioner, (ii) the United States Trustee, and (iii) counsel for the CS SP Parties, and any such
request shall be the subject matter of a hearing scheduled by the Court and any party in
interest may file objections and be heard by the Court.  Nothing in this paragraph shall

preclude the limited partnerships from seeking emergency relief, for cause shown, from this Court on less than 10 days notice.

13.    This Court shall exercise jurisdiction over all the parties to the Master Settlement Agreement.

14.    Upon the occurrence of a Termination Event under the Master Settlement Agreement, or if there are unpaid capital calls (and interest, fees, legal expenses and other charges) and the Approval Order (as defined in the Master Settlement Agreement) has not been entered by September 15, 2009, this Order shall be vacated and shall become null and void, *nunc pro tunc*, as of the date immediately prior to execution of the Master Settlement Agreement. In such event, the Provisional Relief Order filed April 6, 2009, shall be reinstated, subject to further proceedings before this Court. Any party to the Master Settlement Agreement may file a certification with the Court upon occurrence of a Termination Event.

15.    Notwithstanding paragraph 14 of this Order, upon the occurrence of a Termination Event (in accordance with section 5.1 of the Master Settlement Agreement), or if there are unpaid capital calls (and interest, fees, legal expenses and other charges) and the Approval Order (as defined in the Master Settlement Agreement) has not been entered by September 15, 2009, all parties shall be restored, *ipso facto*, to their rights, positions and obligations as of the date immediately prior to execution of the Master Settlement Agreement and all transfers made by Blackthorne and Dickson under the Master Settlement Agreement and this Order shall be reversed and shall be deemed to have been null and void *ab initio* and the limited partnerships are hereby authorized and required to reverse any such transfers of limited partnership interests.

(Page 13)

| | |
|---|---|
| Debtors: | GRAND PRIX ASSOCIATES INC., *et al.* |
| Case No. | 09-16545 (DHS) |
| Caption of Order: | ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF PURSUANT TO SECTIONS 363, 1515, 1517, 1520, 1521, 1525 AND 1527 OF THE BANKRUPTCY CODE |

16.    This Order is without prejudice to the rights of all parties-in-interest, all of which are hereby reserved, to object to the entry of the Approval Order (as defined in the Master Settlement Agreement).

17.    A copy of this Order, conformed to be true and correct, shall be served by United States mail, first class postage prepaid, on or before *May 26*, 2009, upon all of the BVI Debtors' known creditors, the parties to the Master Settlement Agreement, the Office of the United States Trustee, and any other party that has filed and served a notice of appearance in these cases, and that such service shall be good and sufficient service and adequate notice for all purposes.

755168