HOLLAND & KNIGHT LLP
Warren E. Gluck, Esq.
Barbra R. Parlin, Esq.
Arthur E. Rosenberg, Esq.
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Facsimile: (212) 385-9010

*Counsel for the Liquidators of the Funds*

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 15 |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND L.P. (IN PROVISIONAL LIQUIDATION); | Case No. 16-_____ (___) |
| Debtor in Foreign Proceedings. | |
| In re: | Chapter 15 |
| PLATINUM PARTNERS VALUE ARBITRAGE FUND (INTERNATIONAL) LTD. (IN OFFICIAL LIQUIDATION); | Case No. 16-_____ (___) |
| Debtor in Foreign Proceedings. | |

### MOTION OF FOREIGN REPRESENTATIVES FOR ENTRY OF ORDER AUTHORIZING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 15 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)

Christopher Barnett Kennedy and Matthew James Wright, in their capacity as duly appointed joint provisional liquidators ("**Petitioners**" or "**Liquidators**") of Platinum Partners Value Arbitrage Fund L.P. (in Provisional Liquidation) ("**Master Fund**") and the duly appointed

1

#48048353_v1

joint official liquidators of Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) ("**International Fund**" and together with Master Fund, the "**Funds**"), both Funds in liquidation by way of the Financial Services Division of the Grand Court of the Cayman Islands (the "**Grand Court**") (cause nos. FSD 131 of 2016 (AJJ) (re the Master Fund) and 118 of 2016 (AJJ) (re the International Fund)) as a result of the Grand Court's orders (the "**Liquidation Orders**") made pursuant to petitions for the winding up of the Funds under, as applicable, sections 92 and 104 of the Companies Law of the Cayman Islands (2016 Revision) (the "**Companies Law**") and section 36 of the Exempted Limited Partnership Law, 2014 ("**ELP Law**"), hereby submit this motion (the "**Motion**") seeking entry of an order, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the joint administration of the above-captioned cases for procedural purposes only. In support of this Motion, the Liquidators respectfully submit as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated as of February 1, 2012. These cases have been properly commenced pursuant to 11 U.S.C. § 1504 by the filing of petitions for recognition of the Cayman Liquidations pursuant to 11 U.S.C. § 1515 of the Bankruptcy Code.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P), and the Court may enter a final order consistent with Article III of the United States Constitution.. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

3. The Liquidators further request that the caption of these chapter 15 cases be modified to reflect their joint administration. The statutory predicates for the relief requested herein is Bankruptcy Rule 1015(b).

## Background

4. As discussed below, both Funds are in liquidation pursuant to the orders of the Grand Court (cause nos. FSD 131 of 2016 (AJJ) (Master Fund) and 118 of 2016 (AJJ) (International Fund)) (the "**Liquidation Orders**"). The Liquidation Orders were issued pursuant to sections 92 and 104 of the Companies Law in relation to the International Fund and Master Fund, respectively. Together, the Master Fund and the International Fund liquidations are referred to herein as the Cayman Liquidations (the "**Cayman Liquidations**").

5. On July 28, 2016, Parris Investments Limited, a creditor of the International Fund, filed a creditor's petition with the Grand Court seeking the liquidation and winding up of the International Fund and the appointment of the Liquidators as Joint Official Liquidators of the International Fund pursuant to Section 92 the Companies Law ("**International Petition**").

6. On August 23, 2016, the Master Fund, through its general partner, Platinum Management (NY) LLC, presented a petition to the Grand Court under section 92 of the Companies Law seeking, among other orders, orders that: the liquidation of the Funds commence under the authority of the Grand Court; Messers. Wright and Kennedy be appointed as the Liquidators of the Funds; and the Petitioners be granted certain powers in their capacities as the Liquidators of the Funds ("**Master Petition**").

7. Also on August 23, 2016, the Grand Court issued a Winding Up Order for the International Fund on the terms requested through the International Petition.

3

#48048353_v1

8. .On August 29, 2016, the Grand Court issued an Order for the Master Fund to be placed into provisional liquidation pending the determination of the Master Petition which is due to be heard on October, 27 2016 and appointed the Liquidators as Joint Provisional Liquidators of the Master Fund.

9. Subsequently, on the date hereof, the Liquidators commenced these chapter 15 cases by filing, among other things, chapter 15 petitions and verified chapter 15 petitions seeking recognition by the Court of the Cayman Liquidations as the foreign main proceeding under chapter 15 of the Bankruptcy Code in respect of each of the Funds.

### The Funds' Businesses

10. On October 25, 2002, the International Fund was incorporated as an exempted limited company under the laws of the Cayman Islands. The Master Fund was formed pursuant to a Second Amended and Restated Limited Partnership Agreement dated July 1, 2008, registered with the Cayman Islands Registrar of Exempted Limited Partnerships. The Funds were registered and regulated by the Cayman Islands Monetary Authority ("**CIMA**"). Both Funds' CIMA licenses were terminated following their entry into liquidation.

11. The Funds belong to a group of companies that was ultimately controlled and managed by Platinum Management (NY), LLC ("**Platinum**").

12. Under the terms of its Confidential Private Offering Memorandum (the "**Offering Memorandum**"), the International Fund carries on business as an investment fund; and invests all of its investable capital in Platinum Partners Value Arbitrage Intermediate Fund Ltd., an exempted limited liability company incorporated in the Cayman Islands on April 9, 2010 (the "**Intermediate Fund**"). According to the terms of the Offering Memorandum, the Intermediate Fund invests all of its investable capital in, and is a limited partner of, the Master Fund. Furthermore, the Master

Fund invests and trades in U.S. and non-U.S. financial instruments and other funds as defined in the Offering Memorandum, as wells as in certain other assets and holding companies. In addition to the Intermediate Fund, one additional fund acts as a direct feeder fund into, and is a limited partner of, the Master Fund. This entity is registered in Delaware and is known as Platinum Partners Value Arbitrage Fund (USA) L.P.

13. Additional information about the Funds' businesses, capital structure and the circumstances leading to the commencement of the Cayman Liquidations and these cases can be found in the October 18, 2016 *Declaration of Christopher Barnett Kennedy in Support of Chapter 15 Petitions for Recognition as Foreign Main Proceedings* (the "**Kennedy Declaration**"), the October 17, 2016 *Declaration of Stephen Leontsinis in Support of Chapter 15 Petitions of Debtors in Foreign Proceedings for Recognition as Foreign Main Proceedings* (the "**Leontsinis Declaration**"), and the *Verified Petition for Recognition of Foreign Insolvency Proceedings and Application for Additional Relief Pursuant to Sections 1504, 1509, 1515, 1517, 1520, and 1521 of Bankruptcy Code* (the "**Petition**").

### Relief Requested

14. Pursuant to Bankruptcy Rule 1015(b), the Liquidators seek entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Order**"), directing (a) the joint administration of these chapter 15 cases for procedural purposes only, and (b) parties in interest to use a consolidated caption to indicate that any pleading filed relates to the jointly administered chapter 15 cases.

15. The Liquidators further request that the caption of these chapter 15 cases be modified to reflect their joint administration.

16.   A proposed consolidated caption (the "**Proposed Caption**") for all notices, applications, motions, and other pleadings is as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

| | : | |
|---|---|---|
| In re: | : | Chapter 15 |
| | : | |
| PLATINUM PARTNERS VALUE | : | Case No. 16-_____ (___) |
| ARBITRAGE FUND L.P. (IN | : | |
| PROVISIONAL LIQUIDATION),1 *et al.*, | : | (Joint Administration Requested) |
| | : | |
| Debtors in | : | |
| Foreign Proceedings. | : | |
| | : | |
| | : | |

----------------------------------------------------------x

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Platinum Partners Value Arbitrage Fund L.P. (in Provisional Liquidation) (1954) and Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation) (2356). The registered office of the International Fund is c/o The R&H Trust Co. Ltd., Windward 1, Regatta Office Park, P.O. Box 897, Grand Cayman KY1-1103, Cayman Islands. The Master Fund's registered address is c/o Intertrust Corporate Services (Cayman) Limited, 190 Elgin Avenue, George Town, Grand Cayman, KY1-9005, Cayman Islands.

17.   The Liquidators request that the Court maintain one file and one docket for both of the Funds' chapter 15 cases under the case number assigned to the Master Fund, and that these chapter 15 cases be administered under the Proposed Caption.

18.   In addition, the Liquidators request that the Court authorize and direct that a notation substantially similar to the following be entered on the docket of the International Fund's chapter 15 case to evidence the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 15 cases of Platinum Partners Value Arbitrage Fund L.P. (in Provisional Liquidation) and Platinum Partners Value Arbitrage Fund (International) Ltd. (in Official Liquidation). The docket in Case No. 16-_____( ) should be consulted for all matters affecting this case.

6

#48048353_v1

19. Further, the Liquidators request that the Court authorize the authorize the Liquidators to use a combined service list for the jointly administered cases and that combined notices be sent to the Funds' creditors and other parties in interest, as applicable.

20. In support of this Motion, the Liquidators refer the Court to the statements and arguments contained in the (a) Kennedy Declaration, (b) the Leontsinis Declaration, and (c) the Petition, which were filed contemporaneously herewith and are incorporated herein by reference.

## Basis for Relief Requested

21. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Funds are "affiliates" as defined under section 101(2)(B) of the Bankruptcy Code as Madison owns or controls, either directly or indirectly, greater than twenty (20) percent of the outstanding voting securities of each of Master Fund and International Fund. Accordingly, this court is authorized to consolidate these cases for procedural purposes.

22. The Liquidators have filed the Kennedy Declaration contemporaneously herewith. As set forth in the Kennedy Declaration, the liquidation of the Funds is being conducted by the Grand Court of the Cayman Liquidations, and the Liquidators have been appointed as Liquidators for both of the Funds. Joint administration will allow for the efficient and convenient administration of the Funds' interrelated chapter 15 cases, will yield significant cost savings and will not prejudice the substantive rights of any party in interest.

23. Because joint administration of these cases will remove the need to prepare, replicate, file and serve duplicative notices, applications and orders, the Funds and their estates will save substantial time and expense. Further, joint administration will relieve the Court of

7

entering duplicative orders and maintaining duplicative dockets, pleadings and papers. Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "**Clerk**"). The United States Trustee for the Southern District of New York and other parties in interest will similarly benefit from joint administration of these chapter 15 cases by sparing them the time and effort of reviewing duplicative dockets, pleadings and papers.

24.    Joint administration will permit the Clerk to use a single docket for the Funds' cases and to combine notices to creditors and other parties in interest of the Funds. Joint administration also will protect parties in interest in these cases by ensuring that they will be apprised of the various matters before the Court in all of these cases. The Liquidators further request that the Proposed Caption set forth above be approved as the modified caption for these chapter 15 cases.

25.    Joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates. This Motion does not seek substantive consolidation. As such, each creditor and party in interest will maintain whatever rights it has against the particular debtor against which it allegedly has a claim or right. Intercompany claims will not be affected, and the Funds will maintain separate records of assets and liabilities.

26.    The Liquidators submit that the joint administration of these chapter 15 cases is in the best interests of the Funds, their creditors and all other interested parties, and that no conflict of interest will arise as a result of joint administration. Requiring separate administration of these chapter 15 cases would subject the Funds (who would be forced to file documents on multiple dockets) and creditors (who would be forced to monitor multiple dockets) to a substantial administrative burden. Moreover, apart from the additional costs associated with monitoring and managing multiple dockets, failure to jointly administer these chapter 15 cases could distract the

#48048353_v1

Funds at a time where achieving a successful restructuring is critical. For all of the foregoing reasons, the Liquidators respectfully request the immediate entry of an order providing for the joint administration of these chapter 15 cases.

WHEREFORE, the Liquidators respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: October 17, 2016  
      New York, New York

HOLLAND & KNIGHT LLP

_____  
Warren E. Gluck, Esq.  
Barbra R. Parlin, Esq.  
Arthur E. Rosenberg, Esq.  
31 West 52nd Street  
New York, New York 10019  
Telephone: (212) 513-3200  
Facsimile: (212) 385-9010  

*Counsel for the Liquidators of the Funds*